the accused, and not add that the circumstance was "strong."

[5] Charge No. 2 is but a restatement of charge No. 1, only in highly objectionable form. In the first place, it confounds the presumption of innocence which the law in its mercy creates arbitrarily in favor of an accused, with the inference of fact which may arise from the absence of motive. In the next place, it assumes that absence of motive may of itself "conclusively establish" innocence, and it calls upon the judge to express an opinion as to how far absence of motive may go towards establishing innocence. As worded, it is confusing, and for that reason, even if for no other, is objectionable.

The other requested charges were expressly and explicitly covered in the general charge.

Judgment affirmed.

———

(72 South. 372)

No. 21925.

ORNELAS v. SILVAN NEWBURGER & CO.

(June 30, 1916.)

*(Syllabus by Editorial Staff.)*

1. COSTS ⬅260(6) — FRIVOLOUS APPEAL — DAMAGES.

Damages for frivolous appeal cannot be awarded, where the appellee obtains a modification of the judgment.

[Ed. Note.—For other cases, see Costs, Cent. Dig. §§ 993–996; Dec. Dig. ⬅260(6).]

2. COSTS ⬅260(5) — FRIVOLOUS APPEAL — DAMAGES.

Damages for frivolous appeal are allowed only on money judgments.

[Ed. Note.—For other cases, see Costs, Cent. Dig. §§ 992, 996; Dec. Dig. ⬅260(5).]

3. ATTACHMENT ⬅111 — GROUNDS — PLEADING—SUFFICIENCY.

A petition, alleging that cotton in possession of defendant had been stolen from and was the property of plaintiff, and that defendant was about to place it beyond plaintiff's reach and to convert it into money, or evidence of debt, does not state a ground of attachment under Code Prac. art. 240, which permits attachment only when the debtor is about to leave the state, or

resides outside the state, or is about to mortgage, assign, or dispose of his property or convert it into money or evidence of debt with a view to defraud his creditors, or has already done so, since the property was not that of the debtor.

[Ed. Note.—For other cases, see Attachment, Cent. Dig. §§ 292–302; Dec. Dig. ☞111.]

**4. ATTACHMENT ☞140 — GENERAL OR SPECIAL.**

There is but one sort of attachment, which under Code Prac. art. 239, is general and against all the debtor's property.

[Ed. Note.—For other cases, see Attachment, Dec. Dig. ☞140.]

**5. GARNISHMENT ☞110—INTERROGATORIES — EFFECT.**

A writ of garnishment, in which the garnishee is required to answer whether it is indebted in any sum whatsoever to defendant, has the effect of attaching all property of the defendant in the hands of the garnishee.

[Ed. Note.—For other cases, see Garnishment, Cent. Dig. §§ 230, 231; Dec. Dig. ☞110.]

Appeal from Civil District Court, Parish of Orleans; T. C. W. Ellis, Judge.

Attachment and sequestration by Gil Ornelas against Silvan Newburger & Co., in which H. and C. Newman were garnished. From an order dissolving the attachment after the sequestration lapsed, plaintiff appeals, and defendant by answer seeks damages as for frivolous appeal, and asks that motion to dissolve the attachment on the face of the papers be sustained. Motion sustained, and judgment affirmed.

Dart, Kernan & Dart, of New Orleans, for appellant. Titche & Rogers and B. I. Cahn, all of New Orleans, for appellee.

PROVOSTY, J. The plaintiff sued out writs of attachment and sequestration; and, as ancillary to the writ of attachment, served garnishment process upon H. and C. Newman, owners of Mississippi Cotton Press. Under the writ of sequestration certain bales of cotton were seized. A third person claimed ownership of this cotton and made affidavit as required by section 3579, R. S. (amended by Act 37, p. 50, of 1882). The sheriff then called upon the plaintiff to fur-

nish an indemnity bond, as required by said section 3579, R. S.; and, the plaintiff failing so to do, the property was released. As a consequence, the sequestration lapsed, and passed out of the case. Defendant moved to dissolve the attachment, for the reason that the plaintiff's petition did not set forth any ground for attachment. This motion was overruled, "without prejudice to the right of defendant to claim the dissolution on the merits." When the merits came to be tried, the attachment was dissolved. Plaintiff has appealed, and defendant has filed an answer asking for damages as for a frivolous appeal, and also asking that the motion to dissolve the attachment on the face of the papers be sustained.

[1, 2] The latter prayer precludes the former. "Damages will not be allowed when appellee has prayed for and obtained an amendment of the judgment." Hennen, Dig. p. 101, No. 7; Louque, Dig. p. 55, No. 8. Besides, damages for frivolous appeal are allowed only on moneyed judgments. Louque, Dig. p. 55, No. 4.

[3] The said motion to dissolve should have been sustained. The grounds for attachment are stated in the plaintiff's petition as follows:

"That petitioner is owner of 360 bales of cotton marked F. E. G. S. P. & F. G. with an anchor and numbered as part of the series 4845 to 6303, inclusive; that on or about August, 1914, said cotton was stolen from petitioner's ranch by thieves, that petitioner does not know the names of said thieves or their places of residence; that said cotton was placed by said thieves in the possession of" defendants, "who are now in possession thereof without right or title thereto, the same being the property of petitioner; that if defendants have disposed of said cotton it is their duty to account to petitioner for the value thereof; that upon receipt of said cotton the defendants hastily removed the original numbers therefrom and substituted therefor other marks and numbers on the said cotton for the purpose of concealing the identity of said cotton and preventing the pursuit of said cotton by petitioner, the lawful owner thereof; that it lies within the power of the said defendant to conceal, part with or dispose of this cotton in their possession, and that in order to protect petitioner's ownership thereof a writ of se-

questration is necessary because petitioner fears that the said defendants will so conceal, part with, or dispose of the said cotton in question; that the said defendants herein have converted or are about to convert the said 360 bales of cotton into money or evidence of debt, with intent to place it beyond the reach of petitioner, and that a writ of attachment is necessary to protect petitioner in the premises; that petitioner is advised and believes that the cotton aforesaid, on which the labels have been fraudulently removed for the purpose aforesaid and other labels substituted therefor, is in the Mississippi Cotton Press, a warehouse owned, managed, operated, or controlled by H. & C. Newman, Ltd., who should be made garnishee herein, and who should answer the annexed interrogatories."

There is evidently here no ground stated for attachment. The grounds upon which an attachment may issue are stated in article 240, C. P. They are that the debtor is about to leave the state, or resides out of the state, or that he is about to mortgage, assign, or dispose of his property, or convert it into money or evidence of debt, with a view to defraud his creditors, or has already done so. Nothing of that kind is alleged in this case. True, the allegation is made that:

"The defendants have converted or are about to convert the said 360 bales of cotton into money or evidence of debt, with intent to place it beyond the reach of petitioner"

—but the cotton which is thus alleged to be about to be disposed of is at the same time alleged to be the property of the petitioner. Only when the debtor is about to dispose of his own property is attachment authorized to be issued.

[4] The learned counsel for plaintiff say that the attachment was not "general," meaning not directed against all the property of the defendant, but was "special," directed against particular property. We know of no such division of attachment into general and special. We know of but one kind of attachment, a writ in which the sheriff is commanded to seize the property of the debtor, generally, to satisfy the demand of the attaching creditor. That is the definition given of an attachment by article 239, C. P.

[5] As a matter of fact, however, the writ which was issued in this case was not directed against particular property, but was in the usual form of the writ of attachment; that is to say, the sheriff was commanded to seize the property of the defendants generally.

Counsel say that the prayer of the petition and the order for the attachment did not call for a general attachment of this kind. True, the prayer was for the attachment and sequestration of particular cotton; but the order for attachment was not thus restricted. It reads:

"Let a writ of attachment issue herein, upon the petitioner giving bond in the sum of $25,000, and let the Mississippi Cotton Press be made garnishee herein and be directed to answer the hereunto annexed interrogatories."

The writ issued as thus ordered—i. e., against the property of the defendants generally—and though the plaintiff knew, or must be assumed to have known, that it had issued in that form, he did not have it recalled or amended, but stood upon it as issued.

But even if it were conceded that in one of its phases the attachment in this case was directed against particular property, no pretense can be made that in the garnishment phase of it it was not directed against the property of the defendants generally. For the prayer of the petition is that the garnishee be ordered "to answer under oath the accompanying interrogatories," and one of these interrogatories reads:

"Were you not, at the time of service upon you of these interrogatories, or since, indebted unto the said defendants in writ for any cotton or any sum whatsoever, either directly or indirectly?"

The effect of the service of this interrogatory upon H. & C. Newman was to attach all and any cotton belonging to the defendants, from whatsoever source derived, as also any and all debts due by these garnishees to the defendants.

The motion to dissolve the attachment is

sustained, and for that reason the judgment appealed from is affirmed.

Judgment affirmed.