(114 So. 637)

No. 27789.

## CARRANO v. COLOMBEL.

Oct. 31, 1927.

*(Syllabus by Editorial Staff.)*

1. Specific performance ⟜121(8)—Evidence held not to sustain defense of duress in suit for specific performance.

In suit for specific performance of land contract, evidence *held* not to sustain defense of duress.

2. Costs ⟜260(5)—Damages for frivolous appeal held not allowable in specific performance suit, no money judgment being involved (Code Prac. art. 907).

On appeal from judgment granting specific performance of a land contract, damages for frivolous appeal could not be allowed, in view of Code Prac. art. 907, no money judgment being involved.

Appeal from Civil District Court, Parish of Orleans; M. M. Boatner, Judge.

Suit for specific performance by Michael F. Carrano against Widow Josephine Colombel. Judgment for plaintiff, and defendant appeals. Affirmed.

N. H. Polmer, of New Orleans, for appellant.

Joseph Lautenschlaeger, of New Orleans, for appellee.

ROGERS, J. Plaintiff instituted this suit to enforce specific performance of a contract to sell certain real estate situated in the city of New Orleans. Defendant set up that the contract was not binding upon her, because her signature thereto had been obtained by duress. The judgment was for plaintiff, and defendant appealed.

[1] An examination of the record discloses the utter failure of defendant to make out her defense. She does not pretend that plaintiff exercised any duress whatever upon her. According to her answer, the duress of which she complains was that of the real estate agent to whom she had intrusted her property for sale. On the trial of the case, however, she testified that it was the son of the agent, and not the agent himself, by whom she was coerced to sign the contract. When called upon to specify of what the duress consisted, she was unable to show any act whatever of coercion brought to bear upon her. Apart from the denials by the agent and his son that any duress was exercised upon the defendant, we are convinced, by her own testimony, that she sought to recede from

the contract, after she had signed it and after she had given the agent a written order on the Union Homestead Association for her title in order that he might deliver it to the prospective purchaser for examination, only because the gossip of her relatives, friends, and neighbors induced her to believe that she was selling her property too cheap.

[2] The appellee has filed an answer to the appeal, alleging that it is frivolous, and praying for damages. We are unable to grant his demand. Damages for a frivolous appeal are awarded only in cases where a money judgment is involved. Code Prac. art. 907; Arrowsmith v. Rappelge, 19 La. Ann. 328; Succession of Lavergne, 129 La. 120, 55 So. 734; Ornelas v. Silvan Newburger & Co., 139 La. 832, 72 So. 372.

For the reasons assigned, the judgment appealed from is affirmed.