(120 So. 58)

No. 27344.

**Succession of DAHM.**

Jan. 2, 1929.

See, also. 166 La. 774, 117 So. 826.

Purser & Magruder, of Amite, and H. K. Strickland, of Baton Rouge, for appellants.

Cross & Moyse, of Baton Rouge, for appellees Hummell and Ireland Realty Co.

BRUNOT, J. The plaintiffs, alleging themselves to be the sole surviving heirs of George Dahm, deceased, are attacking the will of the deceased upon the alleged ground that at the time the will was made, and for a number of years prior thereto, the deceased was of unsound mind, and was incapable of transacting business or managing his affairs. They also attack transfers of certain property of the deceased, made by him during his lifetime, and made by his vendee to other purchasers. The suit was met by exceptions of no right or cause of action. The exceptions were sustained, and plaintiffs appealed.

Plaintiffs have not followed up the appeal or filed a brief in the case, and, from a careful reading of the pleadings and the record as submitted, the exceptions appear to have been properly sustained. The deeds attacked are regular on their face. There is no allegation that deceased was interdicted, or that his interdiction was ever petitioned for, or that any proceeding to determine his mental capacity to manage his affairs was ever instituted. This suit was brought long after the death of the deceased. Article 403, R. C. C., is as follows:

"After the death of a person, the validity of acts done by him cannot be contested for cause of insanity, unless his interdiction was pronounced or petitioned for previous to the death of such person, except in cases in which the mental alienation manifested itself within ten days previous to the decease, or in which proof of the want of reason results from the act itself which is contested."

See, also, article 1788, R. C. C., Nos. 4, 5, and 6, and the case of Ducasse's Heirs v. Ducasse, 120 La. 731, 45 So. 565, and the cases cited on pages 738, 739 (45 So. 568) of that case.

 Appellee has answered the appeal, and has filed a motion for damages for a frivolous appeal. This case was dismissed on the exceptions filed, and therefore the merits were not reached, and no judgment thereon was rendered. In the case of Carrano v. Calombel, 164 La. 739, 114 So. 637, this court, with Justice Rogers as its organ, unanimously held that, as no money judgment was involved, the court could not, in view of article 907, C. P., award damages for a frivolous appeal.

For the reasons stated, the judgment appealed from is affirmed, at appellants' cost.