**16 So.2d 360**

**WOOLEY et al. v. LOUISIANA CENTRAL LUMBER CO. et al.**

**No. 36272.**

Dec. 13, 1943.

J. B. Dawkins, of Monroe, for appellants.

Thompson & Thompson, of Monroe, and Blanchard, Goldstein, Walker & O'Quin, of Shreveport, for appellees.

PONDER, Judge.

The plaintiffs, the heirs of Wyatt W. Wooley and Lizzie M. Wooley, brought this suit under the provisions of Act No. 38 of 1908 against the Louisiana Central Lumber Company et al., seeking to be decreed the owners of certain land situated in LaSalle Parish. The suit was dismissed in the lower court on exceptions of no right and no cause of action, and the plaintiffs have appealed.

On August 21, 1897, Wyatt W. Wooley applied for a homestead entry to the land

in controversy. He died during the month of May, 1901. On August 6, 1901, his widow, Lizzie M. Wooley, made final proof to the land, and the government issued a patent on November 21, 1902, conveying the land to her.

On August 26, 1901, after final proof was made and before the patent was issued, Lizzie M. Wooley sold the land to the Standard Lumber and Timber Company. Subsequently, the Louisiana Central Lumber Company acquired the land, and the Louisiana Central Oil and Gas Company acquired minerals underlying it. Thereafter, H. L. Hunt became the owner of an oil, gas and mineral lease executed by the mineral owners.

From our examination of the plaintiffs' petition, it appears the suit is predicated on the ground that the sale from Lizzie M. Wooley to the Standard Lumber and Timber Company is a nullity and should be set aside with the subsequent transfers, and the plaintiffs decreed the owners of the land.

The plaintiffs take the position that the land was owned by the community of their deceased father, Wyatt W. Wooley, and their deceased mother, Lizzie M. Wooley.

The land in controversy remained the property of the United States until the final proof was made and the final certificate issued. Neither the entryman, Wyatt W. Wooley, nor his heirs could acquire any vested right therein for the reason that the final patent or deed was never issued to Wyatt W. Wooley. The patent having been issued to Lizzie M. Wooley, the land became her separate property and not the

property of the community. Cupples v. Harris, 202 La. 336, 11 So.2d 609.

It is alleged in the plaintiffs' petition that the sale from Lizzie M. Wooley to the Standard Lumber and Timber Company and the subsequent transfers should be set aside for the reason that Lizzie M. Wooley was notoriously insane at the time the sale was made and several years prior thereto.

Article 403 of the Revised Civil Code provides: "After the death of a person, the validity of acts done by him can not be contested for cause of insanity, unless his interdiction was pronounced or petitioned for previous to the death of such person, except in cases in which the mental alienation manifested itself within ten days previous to the decease, or in which the proof of the want of reason results from the act itself which is contested."

In Article 1788 of the Revised Civil Code it is provided:

"The contract, entered into by a person of insane mind, is void as to him for the want of that consent, which none but persons in possession of their mental faculties can give. It is not the judgment of interdiction, therefore, that creates the incapacity; it is evidence only of its existence, but it is conclusive evidence, and from these principles result the following rules: * * *

"5. That if the party die within thirty days after making the act or contract, the insanity may be shown by evidence, without having applied for the interdiction; but if more than that time elapse, the insanity can not be shown to invalidate the act or con-

tract, unless the interdiction shall have been applied for, except in the case provided for in the following rule.

"6. That if an instrument or other act of a person deceased shall contain in itself evidence of insanity in the party, then it shall be declared void, although more than thirty days have elapsed between the time of making the act and the death of the party, and although no petition shall have been presented for his interdiction."

There is no allegation in the petition that any interdiction was ever applied for or any proceeding instituted to determine the mental capacity of Lizzie M. Wooley during her lifetime. This suit is brought long after her death.

Under the above two articles of the Revised Civil Code, the plaintiffs could not attack the deed since they have failed to allege that the interdiction was pronounced or petitioned for previous to the death of Lizzie M. Wooley. See, also, Succession of Dahm, 167 La. 705, 120 So. 58.

For the reasons assigned, the judgment of the lower court is affirmed at appellants' cost.