LOTTINGER, Judge.
This matter is before us on an appeal taken by the defendant from a judgment of the lower court which was rendered in favor of the plaintiff. The facts of the case are correctly set out in the trial judge’s written reasons for judgment, which we herewith set out in full:
“The plaintiffs, Jessie Broxton and his wife, Essie Broxton, instituted this petitory action, alleging their ownership of the two parcels of land described in their petition, and hereinafter described, and alleging that defendants are in possession of a part of the described land. Plaintiffs, in their petition, trace their title, by mesne conveyances, to the United States, and seek judgment decreeing them to be the owners and entitled to the possession of that property.
“After the institution of the suit, the plaintiff Jessie Broxton, died, and the other plaintiff, Essie Broxton was substituted as the sole party plaintiff.
“The defendants’ answer is, substantially, a general denial, and assuming the position of plaintiffs in recon-vention, they claim ownership of the property or a part thereof and seek recognition of their title thereto.
“The land, title to which plaintiff claims, is described in Article 2 of the petition as follows:
“ ‘78/100 of an acre in the City of Leesville, Louisiana, described as follows: Beginning at a. point 420 feet south and 210 feet west of the Northeast corner of the Northeast quarter of Southeast quarter, Section fifteen, Township Two North, Range Nine West, thence South 160 feet, from thence West 100 feet, South 50 feet, West 10 feet, North 50 feet, West 100 feet, North 160 feet, East 210 feet to the place of beginning.
“‘11/100 of an acre in the said City of Leesville, Louisiana, described as follows: Beginning 668 feet North and 210 feet West of the Southeast corner of the said Northeast quarter of Southeast quarter of said Section 15; thence North 50 feet, west 100 feet, south 50 feet, East 100 feet to the place of beginning.’
*595 “(Hereafter the first, of the above described parcels, will be referred to as ‘Tract A’, and the second as ‘Tract B.’)
“Defendants, in Article 6 of their answer, allege that they are the owners of the following described land, to-wit:
“ ‘Begin at the Northeast corner of the Northeast quarter of Southeast quarter of Section 15, Township 2 North, Range 9 West, Louisiana Meridian, and thence run South along said Section line 210 yards, thence West 70 yards for the point of beginning of this conveyance, thence West 100 feet, thence North 50 feet, thence East 100 feet, thence South 50 feet, to the point of beginning, all in Section 15, Township 2 North, Range 9 West.’
“And in Article 7 of the answer, they aver that they acquired title to and became the owners of said property ‘in the following manner, to-wit
“ ‘That respondents were granted a Homestead Certificate dated September 22nd, 1944, filed October 21st, 1944, and recorded in Book 153 page 489 of the Conveyance Records of Vernon Parish, Louisiana, covering the following described property, to-wit:
“‘Begin at the northeast corner of the Northeast quarter of the Southeast quarter of Section 15, Twp. 2 North, Range 9 West, Louisiana Meridian, and thence run South along the Section line 210 yards, thence West 70 yards for point of beginning, thence West 100 feet, thence North 50 feet, thence East 100 feet, thence South 50 feet to point of beginning in Section 15, Township 2 North, Range. 9 West, Vernon Parish, Louisiana.’
“By stipulation dictated into the transcript of the evidence (p. 2) it was agreed that abstract of title marked ‘P and D-l’ correctly sets out the chain of title of both plaintiff and defendants as to the tracts claimed by each, and that it be filed in evidence, which was done, the defendants reserving the right to offer instruments not shown in the abstract.
“At the beginning of the trial, plaintiff’s counsel offered in evidence the instruments going to make up her chain of title, as set forth in Article 3 of the petition, whereupon Counsel stated that ‘we have no objection to the filing of these instruments, but * * */ and the court stated in effect that it understood from the stipulation, that the title of the parties were, admittedly, shown by the abstract ‘P & D-l,’ and Counsel for plaintiff thereupon withdrew his offering of the separate instruments going to make up his chain of title. The situation as to the showing of titles of the parties, therefore, is that the instruments shown in the abstracts are admitted in evidence,. and additionally that defendants offered and filed in evidence the Homestead Certificate mentioned in Article 7 of their answer and marked it ‘D-l’ and a deed from Josie Frierson Franklin to Adlee Thomas Davis and marked it ‘D-2.’
“At the end of the taking of the evidence, it having become manifest that the Court would have difficulty if it wasn’t impossible, arriving at a con-, elusion as to whether the various irregular land descriptions, as disclosed by the deeds appearing in the abstract, over-lapped and which one of the litigants, if either, was occupying the land claimed by both, it appointed Mr. Curry Ford, a licensed surveyor, to correlate these several descriptions by platting them and demonstrating where each of the tracts lies and the location of the houses of plaintiff and defendants, respectively, on the' land. Mr. Ford complied with the Court’s appointment, made plats of the descriptions in the several deeds, showing on the plats the location of the land and the location of the improvements claimed by each party on the land, the subject of the suit. From these plats, as prepared by *596 Mr. Ford, as well as from the descriptions themselves, as contained in the pleadings and the various deeds, it will be seen that the land in controversy is a tract measuring SO feet North and South by 100 feet East and West, and that both parties are claiming identically the same 50 x 100 foot tract, the house of defendants being located on said tract in the eastern part thereof and the house of plaintiff being located on the same tract, in the Northwestern part thereof, see Ford’s Plat A.
“The Court understands, from the brief of counsel for defendants, that the defenses are three-fold, namely:
“1st, Plaintiff failed to establish a perfect title to the land claimed, as it is required to do in a petitory action against a defendant asserting title in himself.
“2nd, Plaintiff has no deed to the South 31.9 feet of the land in controversy.
"3rd, Defendants own the title under a deed from Josephine Frierson Brown, the sole heir of Anna Frierson, deceased. The deed referred to is found in the record marked ‘D-2.’
“We will consider the defenses in the order named above.
“The only reason urged by counsel for defendants in support of his contention that plaintiff failed to establish a valid title in herself, is this: Plaintiff traces her title to Mrs. Elsie McAlpin Taylor (as defendants attempt to trace theirs) under a deed executed by her to Clyde Jordan on February 15, 1904 (see p 8 of the abstract ‘P-D-l’), the abstract showing, according to defendants,. that while Mrs. Taylor was the tutrix of the minors,. McAlpin, (See p 4 of the Abstract) she is not shown to have been authorized to sell the minors’ interest in the property described in the deed.
“The answer to that postulation of the law is that a Tutrix’s sale of her minors’ property, without Court authorization is not void, but voidable, and may be attacked only by the minors or their legal representative. Moreover, the deed in question was admitted in evidence, by the stipulation as part of plaintiff’s chain of title, and to raise the question of the tutrix’s authority to sell, for the first time in argument, constitutes the most flagrant of collateral attacks on that deed. Even the heirs, themselves, cannot collaterally attack such a deed. Gandy v. Caldwell [12 La.App. 18], 123 So. 452. There are many ways by which the deed in question (outside of any question of prescription) might now be a perfectly valid link in plaintiff’s chain -of title. The youngest of the minors who could plead the invalidity of the deed is now 57 years old. (See p. 4 of the Abstract ‘P-D-l’). If they did, for instance, subsequent to their majority, the youngest being 21 in 1918, accept their mother’s succession (this Tutrix) they could not now attack the validity of the conveyance she made in that deed, because they would be bound by her obligations (warranty).
“An heir who unconditionally accepts the succession of a deceased person has no right of action to recover property in which he claims title by inheritance from that person, if, in disposing of the property the person from whom he claims to inherit had obligated himself to warrant and defend the title. Addison v. Kirby Lumber Co. [La.App.], 3 So.2d 199; Griffing v. Taft, 151 La. 442, 91 So. 832; C.C. 1423, 977, 988, 1013.
“The Court is of the opinion that the title presented by plaintiff is good and sufficient for the purpose of a petitory action as against defendants who base their right to possession on an asserted title of their own.
“The second defense stated, that is, that plaintiff has no title of any sort to the South 31.9 feet of the parcel in question, is sufficiently answered above, *597 when it is shown that the entire SOx 100 foot parcel is covered by the description contained in the deed under which they claim title and which eminated with a common author.
“The third defense, actually the basis of the reconventional demand in which defendants claim title in themselves is wholly without merit.
“Defendants’ title to the tract is based on a deed from Mrs. Josephine Frierson Brown dated October 16, 1951, filed in evidence and marked ‘D-2,’ describing the identical 50 x 100 foot parcel. Defendants proved that the vendor in that deed was the only heir of Anna Frierson, who, they say, originally owned the property, but the only instruments in the abstract conveying any property to Anna Frier-son are found at pages 19 and 24. The one at page 19, obviously, purports to convey an entirely different tract of land from the one in controversy. As to the one at page 24, it purports to convey the property in controversy, but the same tract had been by Anna Frierson conveyed to the vendor at page 24 by a redemption deed at page 23 of the abstract. There is nothing in the abstract to indicate that Anna Frierson ever owned or claimed the 50 x 100 foot parcel, the subject of this suit.
“Defendants seem to rely also for muniment of title on a certificate of Homestead Entry dated September 27, 1944, appearing at page 34 of the abstract ‘P-D-l,’ issued to Adlee Thomas, one of the defendants. This certificate was issued under Act 235 of 1938 (LSA-R.S. 41:541 et seq.) which provides for homesteading of lands sold to the State for Taxes and remain unredeemed. The only tax sale to the State which appears in the abstract is found at page 28, which sale was made in the name of Anna Frierson in 1933, presumably for the unpaid 1932 taxes. The lands described in the sale at page 34 and that described in the Homestead Entry Certificate are not the same.
“Moreover, a homestead entry certificate vests no title in the entry-man. Wadkins, Tutor, v. Producers’ Oil Co., 130 La. 308, 57 So. 937; Wooley v. Louisiana Central Lumber Co. [204 La. 801], 16 So.2d 360.
“Even if the homestead entry had been valid (which counsel for defendants admits it was not, because the assessment under which the land was sold to the State was erroneous) defendants would now have lost any rights thereunder, because final proof under that entry would have had to [have] been made within seven years from the date of the entry (LSA-R.S. 41:544) which, evidently was not done since no mention is made of it in this record.
“It is certain that defendants have not and never had any sort of title to the land involved here and their re-conventional demand must, accordingly, be rejected.
“It is equally certain that plaintiff has a valid title to the parcel in question.
“For the foregoing reasons, Judgment will be rendered in favor of plaintiff and against defendants, as- prayed for and rejecting the reconventional demands of the defendant.”
The first contention advanced on appeal by the defendants is that the property in dispute is not the same 50 x 100 foot tract, as found by the trial judge, but rather a strip of land 18.1 feet wide north and south by 100 feet long east and west, which strip they' claim to be on the south' side of property belonging to them. In support of their argument they have furnished a plat, prepared by their attorney, showing the east side of the Northeast Quarter of the Southeast Quarter of Section 15, Township 2 North, Range 9 West to be 1,329.9 feet in length, which is the same measurement ap *598 pearing on a plat of survey of C. Carter Brown, C. E., introduced into the record by the plaintiff. It will be noted that the description of the 11/100 of an acre tract claimed by plaintiff begins at the Southeast corner of the Northeast Quarter of the Southeast Quarter of the section whereas the tract claimed by the defendant is described by measurements beginning at the Northeast comer of the forty acres. We note also that the plat introduced by the plaintiff shows the disputed area to be 18.1 x 100 feet rather than the full 50 x 100 foot tract as found by the trial judge. The fact remains, however, that Mr. Curry Ford, the surveyor appointed by the trial judge, found both parties to be claiming the same 50 x 100 foot tract. Be that as it may, the most significant point, we think, is the fact that according to Mr. Ford, both the houses of plaintiff and defendants are located on the same 50 x 100 foot tract and consequently it is of no moment whether defendants own additional property to the north of the property in controversy. Or, to put it another way, it is clear from the evidence that the defendants are exercising possession over at least a part of the 50 x 100 foot tract to which the plaintiff claims title and consequently the latter’s title to this tract has correctly been put at issue.
The defendants next contend, as they did in the trial court, that the plaintiff has failed to prove her title as required where the defendant asserts title in himself. The petition recites, in paragraph 3 thereof, that the plaintiff’s chain of title is as follows:
“(1) Patent from U. S. to Thomas Toney, dated Sept. 17, 1888 in Book - page -.
(2) Deed from Thomas Toney to Lewis L. McAlpin dated Dec. 16, 1893 recorded in Conveyance Book No. J, at page 653.
(3) Deed from Thomas Toney to Louis McAlpin dated Dec. 16, 1893, recorded in Conveyance Book No. 9, at page 752.
(.4) Deed from Mrs. Ellie Taylor, authorized by husband, J. M. Taylor, to Clyde Jordan, dated Feb. 13, 1904, and recorded in Conveyance Book 4, at page 13.
(5) Deed from Mrs. Ellie Taylor, Authorized, to Jerry Jordan, dated May 1, 1907, and recorded in Book 12 at page 334.
(6) Deed from. Jerry Jordan and Clyde Jordan to Mrs. Ellie Taylor, dated July 13, 1907, recorded in Book 12, at page 335.
(7) Deed from Mrs. Ellie Taylor to Nona Mills Co., Ltd. dated June 5, 1908, recorded in Book 13 at page 195.
(8) Deed from Nona Mills Co., Ltd. to A. B. Rhodes dated Jan. 31, 1944, recorded in Book 152 at page 159.
(9) Deed from A. B. Rhodes to Joe T. Moses, dated Feb. 15, 1944, recorded in Book 152 at page 189.
(10) Deed from Joe T. Moses to Jessie and Essie Broxton dated July 12, 1944, recorded in Book 153 at page 126.”
The above conveyances are all found in the abstract in the record referred to as “P-D-l.” According to the trial judge’s opinion the principal basis upon which the defendants attacked plaintiff’s title in the lower court, concerned the sale from Mrs. Ellie McAlpin Taylor to Clyde Jordan (No. 4 above), which deed does not show any authorization on the part of the tutrix to sell the property to her minor children. In their brief before this Court, however, the defendants seem to rely on the fact that the Nona Mills Co., Ltd. never acquired title to the property as alleged in Paragraph 3, (7) of the petition. While it is true that an examination of the deed referred to in Paragraph 3 (7) of the petition discloses that it does not convey any of the property in controversy, it is also true that the abstract of title (P-D-l) contains. a deed from Mrs. J. M. Taylor, authorized by her husband, J. M. Taylor, to the Nona Mills Company, Ltd. which does convey the *599 50 x 100 foot lot claimed by the plaintiff. This deed is dated June 25, 1908, and is found at page 16 of the abstract. While this particular transaction was not referred to in the petition we feel that it can without doubt be considered as a link in the plaintiff’s title as the abstract showing same, P-D-l, was introduced under the following stipulation:
“1. That the abstract of title of Vernon Abstract Company, Inc. dated December 17, 1944, and marked for the purpose of identification ‘P-D-l,’ be filed and received in evidence and said abstract correctly sets out the chain of title claimed by the plaintiff and the defendant, respectively, to the property claimed respectively by each of them.”
The remaining issues raised by the defendants in the lower court were, we believe, adequately disposed of by the trial judge in his written reasons for judgment set out above. In addition, the defendants have filed a plea of prescription in this court wherein they assert the following,:
‘T.
“That appellants acquired the property in controversy herein from Josephine Frierson Brown, who inherited same as the daughter and sole heir of Anna Frierson, who acquired said property April 2, 1910, in good faith, and by a deed translative of title, from the Pleasant Hill Baptist Church, as will appear from said deed which is recorded in Book 20, page 186 of the Conveyance Records of Vernon Parish, Louisiana, and took actual physical possession of said property at said time, and resided thereon, as the owner thereof; and who conveyed said property to Columbus Pitre August 27, 1915, as will appear from deed recorded in Book 36, page 368 of the Conveyance Records of Vernon Parish, Louisiana, and who reacquired said property from Columbus Pitre, July 13, 1916, as will appear from deed recorded in Book 39, page 78 of the Conveyance Records of Vernon Parish, Louisiana, and who continued to assert the ownership of said property, through her own acts, and that of her daughter, Josephine Frierson Brown, for more than ten years, and that the claims of plaintiff are barred by the prescription of ten years, because of the ownership and possession of defendants’ authors in title, as herein set forth, which prescription of ten years, defendants specially plead in bar of plaintiff’s claims.
“2.
“Defendants further show in the alternative, that they acquired said property from Josephine Frierson Brown, who had acquired said property by inheritance from Anna Frierson, who went on said property and took actual physical possession thereóf, April 2, 1910, and continued in actual physical possession, as the owner thereof, in person, or through those possessing for her, for more than thirty years, adversely to all other persons; and that because of said possession exercised as aforesaid, defendants’ authors in title acquired a title to said property by the prescription of thirty years, which prescription of thirty years defendants specially plead in bar of plaintiff’s claims.”
An examination of the deed referred to in the plea of prescription from the Pleasant Hill Baptist Church to Anna Frierson shows that it does not convey the property in question but a 50 x 100 foot tract located some 70 yards to the south thereof. Further, we are unable to consider the plea as the record is barren of any testimony supporting the alleged acts of possession of the said Anna Frierson and her daughter, Anna Frierson Brown.
Finding no manifest error in the judgment appealed from, the same is hereby affirmed.
Judgment affirmed.