SAVOY, Judge.
The Administratrix of the Succession of Celia Burns Jowers brought this suit to rescind the sale of 22% acres of land located in Vernon Parish alleging lesion beyond moiety. On August 8, 196o, Mrs. Jowers sold the property to defendant Sam J. Fertitta for $400. The trial court found the property’s market value to be $147 per acre as of the sale date. The interlocutory decree (required by LSA-C.C. Art. 1877) ordered purchaser to deposit $2,907.50 (the difference between the $3,307.50 value of 22% acres and the $400 paid) plus interest within twenty days or lose the right to confirm the sale by paying the full price. Defendant appealed the interlocutory decree.
Appellant contends that the court erred in finding the property’s value to be $147 per acre, but suggests that the question of value of the land will be presented when the final judgment is appealed. Appellant’s main contention by brief is that *162 although the deed conveyed the entire 22% acres, Mr. Fertitta acquired only an undivided one-half interest in the tract. Appellant therefore submits that even if the property’s fair market value was $147 per acre, he is entitled to a decree in this proceeding recognizing that he acquired a one-half interest and proportionately reducing the required payment.
The valuation of the 22% acres as of the sale date is properly before us on this appeal. There is no manifest error in the finding that the property’s fair market value as of August 8, 1966 was $147 per acre. Several witnesses testified that the subject property was more desirable than an adjoining ten acre tract which sold for $200 per acre on December 13, 1965. The Jow-ers 22% acre tract was valued at $100 per acre some six years earlier in a tutorship proceeding for Mr. Jowers’ minor children. Defendant’s only witness testified that the tract was worth only $40 to $60 per acre, but this witness did not refer to compara-bles to support his appraisal.
Defendant appellant’s contention that he did not acquire the entire interest in the 22% acres was not raised by the pleadings. It developed during trial that Mrs. Jowers’ husband died in 1960 and that the property might have been community property. Appellant therefore contends that the Jowers children may claim a half interest in the property. But there is no claim by these children that they own an interest in the property. They are not parties to this suit which was brought by the Administratrix of Mrs. Jowers’ Succession. The deed is of record and is in evidence. Appellant is making a collateral attack on the validity of the deed. Even the heirs, themselves, cannot collaterally attack such a deed. Broxton v. Davis, 80 So.2d 593 at 596 (La.App. 1 Cir. 1955).
The trial court’s judgment is affirmed. Costs of this appeal are assessed to defendant appellant.
Affirmed.