LABORDE, Judge.
This is an appeal from a declaratory judgment decreeing to Rudy Donnell Smith two-thirds (2/3) of the value of the property in dispute. The property was purchased by the State of Louisiana, Department of Transportation (hereinafter State) from the putative owner, Gussie Mae Bell Jones. At issue is whether Rudy Donnell Smith is entitled to be compensated or placed in possession of his share of the disputed property. We affirm in part, amend in part, reverse in part, and remand.
Cleveland Jones was married twice, first to Mary Morgan, whom he divorced; then to Gussie Mae Bell Jones. No children were born of either marriage. Prior to his first marriage Cleveland Jones and one Eliza Smith had a son, Rudy Donnell Smith, plaintiff. On March 13, 1961, Cleveland Jones formally acknowledged Rudy Donnell Smith. This acknowledgment took place before a notary and two witnesses thereby satisfying the provisions of La.C.C. art. 203.[1]
Rosa Jones died intestate. She was survived by a brother and two sisters, namely, *572 Cleveland Jones, Ester Jones Broomfield and Sarah Jones Bennett. The succession of Rosa Jones was settled and by judgment of possession, rendered May 18, 1978, the three siblings, as sole heirs, were sent into possession of all of her property. Each received an undivided one-third interest in the property.
On January 14,1978, Ester Jones Broom-field and Sarah Jones Bennett each conveyed to Cleveland Jones and his wife, Gus-sie Mae Bell Jones, their two one-third undivided interests in the[1] property for $7,000 ($3,500 apiece). This two-thirds interest, therefore, was community property. Cleveland Jones’ undivided one-third interest remained his separate property.
Cleveland Jones died on January 4, 1980. His succession was opened and a judgment of possession was rendered on October 17, 1980. In the judgment of possession, Gus-sie Mae Bell Jones was sent into possession of all of the property of Cleveland Jones. (Emphasis Ours) The pertinent paragraph of the judgment reads as follows:
“IT IS ORDERED, ADJUDGED AND DECREED that:
GUSSIE MAE BELL JONES, be recognized as the surviving widow of the deceased, Cleveland Jones, and as such is entitled to the ownership and to be sent into full possession of all of the property belonging to the deceased, Cleveland Jones, which property is described as follows, to-wit:
Deceased’s one-half (1/2) interest in the following property:
A certain piece, parcel or tract of land together with all buildings and improvements thereon situated and all rights, ways and privileges thereunto appertaining, being, lying and situated in Rapides Parish, Louisiana, and being more particularly described as follows, to-wit:
Lot No. Five (5) of Square No. One (1) of Samtown Subdivision of the City of Alexandria, as per plat thereof recorded in Plat Book 5, Page 159 of the records of Rapides Parish, Louisiana. LESS AND EXCEPT: The East half or that half nearest Church Street sold to Lonnie Williams, et ux, as per Deed dated Sept. 26, 1947, Conveyance Book 383, Page 344, of the records of Rap-ides Parish, Louisiana.”
This above judgment of possession incorrectly placed Gussie Mae Bell Jones in possession of all of Cleveland Jones’ interest in the property. Since the decedent died intestate, Rudy Donnell Smith, as the acknowledged child of Cleveland Jones, should have been placed in full ownership of decedent’s separate property and in naked ownership of decedent’s community property subject to the usufruct of the surviving spouse under La.C.C. art. 890.
On February 24, 1984, an amended judgment of possession was filed in an attempt to correct the initial judgment of possession. This judgment recognized Cleveland Jones and his wife as two-thirds owners in community of the disputed property. The judgment further recognized the two sisters, Ester Jones Broomfield and Sarah Jones Bennett, as owners of the one-third separate interest of Cleveland Jones. The judgment provided for Gussie Mae Bell Jones to receive Cleveland Jones’ one-half interest in the community property. No mention was made of Rudy Donnell Smith. Thereafter, two cash sales were executed transferring the interest of the two sisters to Gussie Mae Bell Jones. In effect, Gus-sie Mae Bell Jones would end up with all of the disputed property. On October 8,1984, a sales agreement was executed whereby all of the disputed property was sold to the State for $16,185. At trial, Gussie Mae Bell Jones testified that in total she received $29,500 for the property including an additional $460 for relocation expenses. In the sale to the State, reference was made to the initial and amended judgments of possession.
On March 5, 1985, Rudy Donnell Smith filed this declaratory judgment praying to have the sales from Ester Jones Broom-field and Sarah Jones Bennett to Gussie Mae Bell Jones, together with the sale of all of the property to the State, declared null and void. Smith claims that since he is an acknowledged heir, he is entitled to an undivided two-thirds interest in the proper *573 ty. In the alternative, Smith prays that the defendants pay $20,000 to him for his two-thirds interest in the property. The State filed a third party demand against Gussie Mae Bell Jones for indemnity and/or contribution for any sums it might be found to owe to Rudy Donnell Smith. The trial court found in favor of Smith and against the State. Smith was awarded $10,790, two-thirds of the $16,185 recorded in the act of sale plus $1,176 in court costs. The court denied the claims of Smith against Gussie Mae Bell Jones, Ester Jones Broom-field, and Sarah Jones Bennett. Furthermore, the court dismissed without prejudice the third party demand by the State against Gussie Mae Bell Jones. From the judgment decreeing plaintiff entitled to two-thirds of the sales price of the property, the State and Gussie Mae Bell Jones each appealed. Smith answered the appeal requesting attorney fees for frivolous appeal.
On appeal, Gussie Mae Bell Jones argues that under LSA-R.S. 9:5630,[2] Rudy Donnell Smith’s cause of action has prescribed. The initial judgment of possession was rendered on October 17, 1980. Appellant alleges that Smith’s declaratory judgment was not filed until March 5, 1985, more than two years later. Appellant’s argument is without merit for two reasons. First, appellant, Gussie Mae Bell Jones, did not file a formal pleading raising this exception at either the trial or appellate level, rather she merely raises the issue in her brief. It is well settled law
“that ‘[t]he court cannot supply the objection of prescription, which must be specifically pleaded’. The same is true on the appellate level. The appellate court may consider the peremptory exception of prescription for the first time, if the exception is properly pleaded before submission of the case for a decision, and if proof of the ground of the exception appears of record. La.C.C.P. [articles 927 and] 2163.
The jurisprudence has been firm and clear on this issue. The peremptory exception of prescription, whether urged at the trial level or on appeal, must be presented in a formal pleading, it cannot be injected into the proceedings by brief or by oral argument.” (Citations omitted)
Michigan Wisconsin Pipeline Co. v. Hebert, 488 So.2d 754, 757 (La.App. 3d Cir.1986), writ denied, 493 So.2d 636 (La.1986). Secondly, her argument on the prescription question is specious at best. The record indicates that an amended judgment of possession was filed on February 24, 1984. Since the initial judgment of possession was amended, the later judgment of possession would be the judgment upon which the prescriptive period would be based. Thus, the judgment of the trial court would still stand as the prescription argument would be without merit.[3] In any case, the *574 prescriptive issue is not before this court and will not be further addressed.
At the trial on the merits, the trial judge found Rudy Donnell Smith to be the formally acknowledged child of Cleveland Jones. La.C.C. art. 203. Being formally acknowledged, Smith is entitled to the property or the revenue from the sale of such property he was to inherit. Appellant’s argument that the acknowledgment of Rudy Donnell Smith was not of public record and should not be given effect is without merit. It is well settled that the law of registry is inapplicable where ownership of, or claim affecting, immovable property “has been acquired by inheritance and title has become vested by operation of law.” (Citations omitted) Jackson v. D’Aubin, 338 So.2d 575, 580 (La.1976).
In agreeing with Rudy Donnell Smith’s right to his inheritance, we now turn to whether the trial court properly disposed of this matter. At trial, the State was cast in judgment for two-thirds of the price recorded in the sale plus court costs. Prior to trial, an order was signed by the judge permitting the State to file a third party demand against Gussie Mae Bell Jones. Because of the short time before trial, the third party demand was not served upon or answered by Gussie Mae Bell Jones. Thereafter, a continuance requested by Gussie Mae Bell Jones’ attorney was denied. The trial commenced without Gussie Mae Bell Jones’ attorney present. This action by the trial judge has not been appealed. Trial commenced and the court at first rendered judgment denying the State’s third party demand against Gussie Mae Bell Jones and then amended its judgment to dismiss the third party demand without prejudice. Because we conclude that the trial court’s decision to allow the third party demand to be joined but not tried in the proceeding was manifestly erroneous, we reverse and remand this portion of the case so that the rights of all parties can be litigated at the same time. Our decision to remand does not prevent Gussie Mae Bell Jones or any other party from joining additional parties in order to fully litigate this matter.
The decision of the trial court declaring Rudy Donnell Smith an heir of Cleveland Jones and entitling him to a two-thirds interest in the revenues received from the sale of the disputed property is affirmed and amended to provide that Smith execute a deed to the State for his interest within thirty days after our judgment is final upon payment of the $10,790. Because Rudy Donnell Smith did not appeal the decision with regards to quantum, a discussion of this issue is not warranted and will not be addressed. Furthermore, damages for frivolous appeal will not be awarded as appeals are favored and a genuine dispute existed between the parties.
For the above and foregoing reasons, the judgment of the trial court in favor of Rudy Donnell Smith and against the State for $10,790, together with 12% interest from date of judicial demand until paid and court costs of $1,177.76, which includes the fee for the attorney for the absent defendants, is affirmed providing that Rudy Donnell executes a deed to the State for his interest in the property within thirty days after our judgment is final upon payment of the amount ordered. That portion of the judgment which denied the third party demand of the State against Gussie Mae Bell Jones is reversed and remanded to allow the State to pursue its claim for reimbursement against Gussie Mae Bell Jones. On remand Gussie Mae Bell Jones should be allowed to pursue any claims which she may have against her sisters-in-law or any other parties in order to fully litigate this matter. All costs of this appeal are assessed against the State of Louisiana.
AFFIRMED IN PART, AMENDED IN PART, REVERSED IN PART, AND REMANDED.

. LSA-C.C. art. 203 provides:
"The acknowledgment of an illegitimate child shall be made by a declaration executed before a notary public, in the presence of two witnesses, by the father and mother or either of them, or it may be made in the registering of the birth or baptism of such child.”

. LSA-R.S. 9:5630 enacted by Acts 1981, No. 721 sec. 1 provides:
"A. An action by a person who is a successor of a deceased person, and who has not been recognized as such in the judgment of possession rendered by a court of competent jurisdiction, to assert an interest in an immovable formerly owned by the deceased, against a third person who has acquired an interest in the immovable by onerous title from a person recognized as an heir or legatee of the deceased in the judgment of possession, or his successors, is prescribed in two years from the date of the finality of the judgment of possession.
B. This Section establishes an acquisitive prescription, and shall be applied both retrospectively and prospectively; however, any person whose rights would be adversely affected by this Section shall have one year from September 11, 1981 within which to assert the action described in Subsection A of this Section and if no such action is instituted within that time, such claim shall be forever barred.
C. ‘Third person’ means a person other than one recognized as an heir or legatee of the deceased in the judgment of possession.”

. On February 24, 1984, when the amended judgment of possession was rendered by which the sisters-in-law inherited their interest which they sold to Gussie Mae Bell Jones which she then later sold to the State, was the point when the prescriptive period provided by LSA-R.S. 9:5630(A) commenced to run. The February 24, 1984 amended judgment of possession signed by the court was a clear judicial acknowledgment that the finality of the judgment of possession did not occur when the original judgment of possession was rendered on October 17, 1980. The amended judgment of possession was in *574 effect the only judgment of possession subject to the prescriptive period of LSA-R.S. 9:5630 at the time the State purchased the property. Smith’s declaratory judgment, filed March 5, 1985, was filed within the two year prescriptive period and, therefore, interrupts prescription.