PER CURIAM.[1]
1. Granted. The decision of the appellate court is reversed; this case is remanded to the court of appeal for consideration of the *416 trial court’s judgment in light of all relevant issues of fact and law contained in the record.
The defendant’s exception of prescription in the district court, which formally and specially urged the plea of acquisitive prescription, did not also serve as a formal and special plea of liberative prescription. See La. C.C. art. 3452; La. C.C.P. arts. 924 and 927(B). Because the peremptory exception of prescription, whether urged at the trial level or on appeal,[2] must be presented in a formal pleading, it cannot be injected into the proceedings by brief or by oral argument. See Smith v. Jones, 504 So.2d 570, 573-74 (La.App. 3 Cir.), writ denied, 508 So.2d 66 (La.1987). The defendant in this case did not sufficiently plead the objection of liberative prescription at the trial or appellate level; therefore, the appellate court committed reversible legal error by supplying, sua sponte, the objection of liberative prescription found in La. R.S. 9:5647 (which provides a five-year prescriptive period for actions to set aside acts executed under a power of |2attorney) in resolving this matter.[3] Accordingly, the decision of the appellate court is reversed, and this matter is remanded to the court of appeal for consideration of the trial court’s judgment in accordance with this opinion.

. Kimball, C.J., did not participate in the deliberation of this per curiam.

. See La. C.C.P. art. 2163.

. See La. C.C.P. art. 927(B); La. C.C. art. 3452.