MAX N. TOBIAS, JR, Judge.
| iThis case returns to us on remand from the Supreme Court. See Succession of Samuel, 12-1707 (La.12/14/12), 104 So.3d 415.
In light of the remand to this court and the precise language of the per curiam of the Supreme Court, we vacate the ruling of the trial court granting the motion for summary judgment in favor of the appel-lee, Barry N. Samuel, and remand this case to the trial court for further proceedings.[1]

VACATED AND REMANDED.

. The act of sale that transferred a 50% ownership interest in real estate located at 939 South Jefferson Davis Parkway from Bernard F. Samuel, Sr. to Barry N. Samuel was exe *942 cuted by Dorothy Jones Samuel as mandatary for Bernard F. Samuel, Sr.; the procuration was registered and recorded in the conveyance and mortgage records on 6 August 1998. The statute in effect governing actions to set aside instruments executed under the authority of a procuration was La. R.S. 9:5682, which provided a ten-year prescriptive period. That statute, originally redesignated as La. R.S. 9:5632.1 from La. R.S. 9:5682 pursuant to § 2 of La. Acts 2008, No. 371, was subsequently redesignated pursuant to the same authority as La. R.S. 9:5647. Additionally, pursuant to § 1 of La. Acts 2008, No. 371, the statute was amended, reducing the prescriptive period from ten to five years. The 2008 changes, that became effective on 15 August 2008, however, did not apply to the act of sale and procuration registered and recorded on 6 August 1998 as the ten-year prescriptive period applicable to those instruments had already accrued. See La. C.C.P. arts. 2163 and 927; Montgomery v. Breaux, 297 So.2d 185 (La.1974).