517 So.2d 848 (1987)
Sharon Bethane Thompson PREUETT, Plaintiff-Appellee,
v.
Henry Anderson PREUETT, Jr., Defendant-Appellant.
No. 86-882.
Court of Appeal of Louisiana, Third Circuit.
October 7, 1987.
Thomas Yeager, Alexandria, for plaintiff-appellee.
Henry A. Pruett, Jr., in pro. per.
Before FORET, LABORDE and KNOLL, Judges.
LABORDE, Judge.
Plaintiff-appellee, Sharon Bethane Thompson Preuett, filed suit against Henry Anderson Preuett, Jr. for a judicial separation. Plaintiff requested the custody of Tonya, the sole minor child born of the marriage. Plaintiff also requested alimony pendente lite and child support. The trial court assigned custody of Tonya to plaintiff and ordered Mr. Preuett to pay $245.00 in alimony pendente lite and $245.00 in child support per month.
Plaintiff filed for divorce under LSA-R.S. 9:301 (living separate and apart for one year). She again requested custody of Tonya and reasonable child support. The trial court granted the divorce and gave care, custody and control of Tonya to plaintiff. Child support was reduced to $200.00 per month. No award for alimony was granted. The community property was partitioned under separate judgment.
In proper person, Mr. Preuett appeals this "case on the grounds of discrimination." He asserts that the 14th Amendment to the United States Constitution and the Civil Rights Act protect him from the trial court's grant of alimony to his former wife.
As noted above, the trial court did not award plaintiff post divorce alimony. We understand appellant's complaint to be directed to the child support order; however, the alimony issue would be resolved identically.
The minutes show that the parties testified and that each submitted an income and expense statement. The record discloses only appellee's affidavit of income and expenses.[1] Formal minutes of a court record are presumed correct in the absence *849 of positive proof to the contrary. Edwards v. Edwards, 446 So.2d 976 (La.App. 3d Cir. 1984). Mr. Preuett does not dispute the minutes.
Under La.C.C.P. arts. 2128 and 2129, the appellant had the duty to designate the record on appeal. Eagle v. Eagle, 477 So.2d 1293 (La.App. 3d Cir.1985). When there are factual issues involved and the record contains neither a transcript of testimony nor a narrative of facts, there is nothing for appellate review. Under such circumstances, we must presume that the judgment of the trial court is correct and supported by sufficient competent evidence. Miller v. Miller, 480 So.2d 789 (La. App. 3d Cir.1985), writ denied, 481 So.2d 1337 (La.1986). Appellant has failed to offer us sufficient evidence to overcome the presumption of correctness bestowed upon the trial court judgment.
For the above and foregoing reasons, the judgment of the trial court is affirmed at appellant's cost.
AFFIRMED.
NOTES
[1] In his brief, appellant admits that his income is equal to appellee's income. Assuming this to be true, appellant's gross monthly income is $1,330.00.