917 So.2d 1223 (2005)
Sharonza Renee WILSON, Plaintiff-Appellee
v.
TACO BELL OF AMERICA, INC., et al., Defendants-Appellants.
No. 40,430-CA.
Court of Appeal of Louisiana, Second Circuit.
December 21, 2005.
*1224 Jack Wright, Jr., Monroe, for Defendant-Appellant, Gary Hare, and for Defendants-Appellees, Taco Bell and Jim Doull.
Gregory G. Elias, Monroe, for Plaintiff-Appellee, Sharonza Renee Wilson.
Before BROWN, C.J., and STEWART and MOORE, JJ.
STEWART, J.
Gary Hare seeks review of a judgment awarding damages against him for the battery of Sharonza Renee Wilson. Hare asserts on appeal that Wilson failed to prove that he intended to commit a battery, that Wilson failed to show any damages, and that the trial court exceeded its discretion in awarding $500 to Wilson, who did not specifically plead the tort of battery. Finding no merit in these contentions, we affirm the trial court's judgment.

FACTS
In September 2003, Wilson filed suit against Hare, Taco Bell Corporation, and Taco Bell of America, Inc. She alleged that she was hired as a cashier at a Taco Bell in West Monroe, Louisiana, on May 2, 2002, *1225 and worked there until May 29, 2002. According to Wilson, during her term of employment she was subjected to unwanted and unwelcome sexual advances, sexual references, sexual solicitations, and sexually oriented language directed at her by Hare, who was the manager of the Taco Bell. These unwelcome sexual advances allegedly were reported to the shift supervisor, Dorrie Edwards, who failed to report Hare to any higher authority within the company. Wilson further alleged that Taco Bell knew or should have known about Hare's activities with respect to Wilson, because Edwards and other employees were aware of Hare's unwanted pursuit of Wilson. Wilson's petition alleged violation of Louisiana law, including but not limited to several specific statutory provisions, and also alleged violations for sexual harassment under federal law and workers' compensation law; however, Wilson did not specifically allege the tort of battery.
In a supplemental and amending petition filed in January 2004, Jim Doull, the alleged sole proprietor of the Taco Bell at issue, was added as a defendant. Wilson subsequently dismissed Taco Bell Corporation and Taco Bell of America, Inc. from her lawsuit. In June 2004, Jim Doull filed a motion for summary judgment aimed at the various legal theories specified in Wilson's petition and seeking dismissal of all her claims against him. As a result, the trial court granted partial summary judgment in favor of Doull. The summary judgment noted that the workers' compensation claim was jointly dismissed at the hearing; the summary judgment further dismissed Wilson's claims against Doull for retaliatory firing and intentional infliction of emotional distress. However, Doull's summary judgment was denied as to hostile work environment claims under both Louisiana and federal law.
On March 11, 2005, Wilson's remaining claims were tried in a bench trial. At the conclusion of the trial, the court denied Wilson's claims against Doull, but granted an award of $500 to Wilson against Hare for battery. This appeal followed.

DISCUSSION
Initially, we note that the record on appeal does not contain a transcript of the trial, nor does it contain a narrative of facts. See La. C.C.P. art. 2131. The only evidence in the record consists of seven items admitted into evidence on behalf of plaintiff and seven items of evidence admitted on behalf of defendant. However, none of these items, consisting of such things as copies of ID cards, drivers' licenses, and photographs of the workplace, contain any of the testimony received by the trial court. We also note that Hare did attach to his appellate brief a copy of what purports to be a transcript of the hearing at which oral reasons were given by the trial court in support of its decision. However, the briefs of the parties and attachments thereto are not part of the record on appeal, and an appellate court must render its judgment upon the record on appeal. La. C.C.P. art. 2164; Bunch v. Town of St. Francisville, 446 So.2d 1357 (La.App. 1st Cir.1984).
The appellant bears the responsibility of securing either a transcript or a narrative of facts; accordingly, an inadequate record is imputable to the appellant. Saldana v. State Farm Mutual Automobile Insurance Company, 39,094 (La.App.2d Cir.12/15/04), 889 So.2d 1170; Borden v. West Carroll Parish Police Jury, 28,967 (La.App.2d Cir.12/11/96), 685 So.2d 454. In cases where factual issues are involved and the appellate record contains neither a transcript nor a narrative of facts, the appellate court applies the presumption that the trial court's judgment is *1226 supported by competent evidence and that it is correct. Creech v. Creech, 29,499 (La.App.2d Cir.5/7/97), 694 So.2d 589. Given the appellate record now before us, we presume that the trial court's judgment was supported by competent evidence, and we affirm that judgment.
In so doing, we note that while the record does contain summary judgment affidavits, such affidavits would not ordinarily be admissible at a trial on the merits, especially where the affiants were present. See Colonial Mortgage and Loan Corporation v. James, XXXX-XXXX (La.App. 4th Cir. 3/6/02), 812 So.2d 817. The same is true for deposition testimony and other hearsay.
We also reject Hare's complaint that the defense was never in a position to cross-examine Wilson as to battery, or to address the issue of battery at all, because the issue of battery was never raised until the trial court "blind-sided" the defense with the judgment. Louisiana utilizes a system of fact pleading; no technical forms of pleading are required. La. C.C.P. art. 854; Graves v. Riverwood International Corporation, 38,842 (La.App.2d Cir.8/18/04), 881 So.2d 140. Wilson's petition made allegations of unwanted and unwelcome sexual advances; furthermore, Wilson made specific statements in opposition to the motion for summary judgment, including allegations that Hare touched her thighs and made grabbing motions at her buttocks and breasts. The joint pre-trial statement also includes the plaintiff's contentions, including the allegation that Hare touched Wilson's thighs. Accordingly, Hare knew before trial that the factual allegations, if proven, could constitute a battery. In civil matters, a battery occurs when one intends to inflict, and does inflict either a harmful or offensive contact. See Caudle v. Betts, 512 So.2d 389 (La.1987). A sexual advance made by touching another's thigh is not an accident. Moreover, an unwelcome sexual advance obviously is offensive. In Louisiana, the plaintiff need not plead a theory of the case, but only facts that would support recovery. Graves, supra.
Finally, although we do not know what testimony was adduced at trial, we also observe that under the provisions of La. C.C.P. art. 1154, when issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised by the pleading. See Watkins v. International Service Systems, 32,022 (La.App.2d Cir.6/16/99), 741 So.2d 171, writ denied, 99-2129 (La.10/29/99), 749 So.2d 640.

CONCLUSION
For the foregoing reasons, the judgment of the trial court is hereby affirmed at appellant's cost.
AFFIRMED.