TERRI F. LOVE, Judge.
|,Barbara Samuel Bretz (“Ms. Bretz”) appeals the trial court’s judgment granting Barry N. Samuel’s (“Barry”) exception of liberative prescription. The trial court determined that the power of attorney in favor of Bernard F. Samuel, Sr.’s (“Bernard, Sr.”) second wife validly transferred, through the July 30, 1998 act of sale, a one-half ownership interest in immovable property located at 939 South Jefferson Davis Parkway (“SJD property”) from Bernard, Sr. to Barry. The trial court found that the ten year prescriptive period pursuant to La. R.S. 9:5647(B) began to run from the date of the sale, and consequently, Ms. Bretz’s claim to set aside the act of sale was procedurally barred. On appeal, Ms. Bretz avers that the trial court erred in granting the exception because: (1) liberative prescription does not apply to petitory actions; (2) while Barry was executor of Bernard, Sr.’s estate, the prescriptive period was suspended; and, (3) Barry’s filing of the notice of lis pendens interrupted prescription. Additionally, Ms. Bretz claims the act of sale was invalid because there was no consideration, and the power of attorney used to effectuate the sale was executed at a time when Bernard, Sr. was mentally 12incompetent. We find that pursuant to La. R.S. 9:5647(B), Ms. Bretz had ten years from the date of the act of sale to challenge the validity of the sale executed through the power of attorney in favor of Bernard, Sr.’s second wife. Given that Ms. Bretz failed to challenge the act of sale until after the prescriptive period had run, we find the trial court did not err in granting the exception of liberative prescription.

FACTUAL AND PROCEDURAL HISTORY

Bernard, Sr. died testate on April 18, 2001. He was married first to Bertha M. Samuel, who died testate on February, 16, 1990. Three children were born of the marriage, namely: Bernard F. Samuel, Jr., Barry, and Ms. Bretz. Bernard, Sr.’s eldest son died in April 1977 and was survived by his three minor children.
Bernard, Sr. executed a 1994 statutory will which named Ms. Bretz and Barry as co-trustees and Barry as executor. The 1994 will bequeathed one-third of his estate to Barry, and the balance to be placed in trust for Ms. Bretz and Bernard, Jr.’s children. In addition to the 1994 will, Bernard, Sr. executed a 1995 olographic will in favor of his second wife, Dorothy Samuel (“Dorothy”), which was later declared null in a May 29, 2002 judgment finding that although Bernard, Sr. had “significant and sustained periods of lucidity,” he lacked testamentary capacity.[1] Subsequently, the 1994 will was probated.
The 1994 will contained two provisions relevant to the instant case. Paragraph two, bequeathed Bernard, Sr.’s interest in the community property home ^located at 2028 Napoleon Avenue to Dorothy. Paragraph four, states in pertinent part, “My son, Barry N. Samuel, may purchase my interest in the property at 939 South Jefferson Davis Parkway, New Orleans, Loui *30 siana, and all corporeal property in connection therewith, at fair market value.”
The SJD property was sold to Barry on July 30,1998, via a 1995 power of attorney in favor of Dorothy. The August 6, 1998 act of sale, in authentic form and registered in the conveyance and mortgage records of Orleans Parish, establishes that Barry purchased Bernard, Sr.’s one-half ownership interest in consideration of $250,000. The act of sale indicates that $200,000 was acknowledged as paid, and the remaining $50,000 was thereafter paid in full.
On December 30, 2010, Ms. Bretz filed suit against Barry seeking rescission of the act of sale, an order returning the undivided one-half interest in the SJD property to Bernard, Sr.’s succession, “the return of an undivided one sixth interest to [Barry] and [Barbara] as principal beneficiaries of the testamentary trust of the last will and testament of [Bertha]; and an undivided one sixth interest to the Trustee of the testamentary trust of the last will and testament of [Bernard, Jr.].” On August 19, 2011, the trial court granted Barry’s motion for summary judgment finding that based on ten year acquisitive prescription, the act of sale conveyed a one-half ownership interest in the SJD property. This Court affirmed the trial court ruling[2]; however, Ms. Bretz’s writ to the Louisiana Supreme Court was granted.[3] The Supreme Court held that liberative prescription must be raised in a party’s 14pleadings and cannot be supplied by the appellate court. Accordingly, the Louisiana Supreme Court remanded the case to the trial court for further proceedings.
Thereafter, Barry as executor and co-trustee of Bernard, Sr.’s succession, filed an exception of liberative prescription pursuant to La. R.S. 9:5647 and a “motion to recognize the one-half ownership interest conveyed by the 1998 act of sale be recognized and made a judgment of the court.” Barry claimed that the basis for Ms. Bretz’s December 2010 request for rescission of the act of sale was the invalid power of attorney that was used to effectuate the transfer of ownership. The trial court heard argument in September 2013, and provided written reasons for judgment on January 7, 2014. The trial court determined that because the power of attorney used to effectuate the sale was attached to the act of sale and duly recorded simultaneously on August 6, 1998, according to La. R.S. 9:5647(B) Ms. Bretz had ten years, or until August 6, 2008, to bring an action to set aside the sale. Finding that Ms. Bretz did not seek to set aside the sale until December 30, 2010, more than two years after the prescriptive period became final, the trial court granted Barry’s exception of liberative prescription and motion that a judgment be rendered recognizing Barry’s one-half interest in the SJD property. Ms. Bretz’s appeal to this Court follows.
| STANDARD OF REVIEW
This Court in Coston v. Seo, 12-0216, p. 7-8 (La.App. 4 Cir. 8/15/12), 99 So.3d 83, 88, set out the relevant law and standard of review applied to peremptory exceptions of prescription:
“Prescription must be pleaded. Courts may not supply a plea of prescription.” La. Civil Code art. 3452. See also La. C.C.P. art. 927 B (“The court may not supply the objection of prescription, which shall be specially.pleaded.”). Prescription is an objection raised by peremptory exception. See La. C.C.P. art. *31 927 A(l).. Like other peremptory exceptions, a defendant may raise the exception of prescription at any time prior to the matter’s submission after trial. See La. C.C.P. arts. 927 and 928(B). La. C.C.P. art. 929 provides that when a peremptory exception is pled prior to trial, the exception is tried and disposed of in advance of or on the trial of the case.
Ordinarily, the exceptor bears the burden of proof at the trial of the peremptory exception. See Spott v. Otis Elevator Co., 601 So.2d 1355, 1361 (La.1992). If prescription is evident on the face of the pleadings, however, the burden shifts to the plaintiff to show that the action has not prescribed. See Williams v. Sewerage & Water Bd. of New Orleans, 611 So.2d 1383, 1386 (La.1993).
The trial court is not bound to accept as true the allegations of plaintiffs petition in its trial of the peremptory exception. See Bowers v. Orleans Parish School Bd., 95-2530 (La.App. 4 Cir. 5/29/96), 694 So.2d 967, 972. Evidence may be introduced at the trial of all peremptory exceptions, except the objection of no cause of action. See La. C.C.P. art. 931. When evidence is introduced and evaluated at the trial of a peremptory exception, an appellate court must review the entire record to determine whether the trial court manifestly erred with its factual conclusions. See Davis v. Hibernia Nat. Bank, 98-1164 (La.App. 4 Cir. 2/24/99), 732 So.2d 61, 63. The standard of review of a trial court’s finding of facts supporting prescription is that the appellate court should not disturb the finding of the trial court unless it is clearly wrong. See In re Medical Review Proceedings of Ivon, 01-1296, p. 5 (La.App. 4 Cir. 3/13/02), 813 So.2d 532, 536.
Further, the standard controlling the review of a peremptory exception of prescription requires that this Court strictly construe the statutes against prescription and in favor of the claim that is said to be extinguished. See Proctor’s Landing Property Owners Ass’n, Inc. v. Leopold, 11-0668, p. 10 (La.App. 4 Cir. 1/30/12), 83 So.3d 1199, 1206; Bosarge v. DePaul/Tulane Behavioral Health Center, 09-1345, p. 2 (La.App. 4 Cir. 5/19/10), 39 So.3d 790, 792.
(Emphasis added).
The issue before this Court is whether the trial court manifestly erred by granting Barry’s exception of liberative prescription.

LIBERATIVE PRESCRIPTION

La. R.S. 9:5647 states:
A. Any action to set aside a document or instrument on the ground that the party executing the document or instrument under authority of a power of attorney was without authority to do so, or that the power of attorney was not valid, is prescribed by five years, beginning from the date on which the document or instrument is recorded in the conveyance records, or the mortgage records if appropriate. Nothing contained in this Section shall be construed to limit or prescribe any action or proceeding which may arise between a principal and the person acting under authority of a power of attorney.
B. The prescriptive period established by Subsection A of this Section shall be retroactive and shall apply to all such documents whether recorded prior to or after August 15, 2008; however, as to any documents recorded prior to August 15, 2008, as to which prescription has not already run and become final, the *32 prescriptive period established by Subsection A of this Section shall become final and complete ten years from the date the document was recorded or August 15, 2013, whichever occurs first.
As an initial matter, Ms. Bretz avers that because she filed a petitory action Barry is barred from raising an exception of liberative prescription. In this case, however, Ms. Bretz’s claim that the act of sale should be.set aside is based on the alleged invalidity of the power of attorney. We find this argument without merit as La. R.S. 9:5647 specifically establishes the prescriptive period to set aside an instrument executed under authority of an invalid power of attorney. Thus, 17because the power of attorney in this case forms the basis for the relief sought, the matter is subject to liberative prescription. See Taylor v. Taylor, 32,517 (La.App. 2 Cir. 1/6/00), 755 So.2d 341 (plaintiff filed a peti-tory action seeking to be recognized as the owner based on an invalid transfer of property to defendant through an invalid power of attorney, and defendant claimed ten year liberative prescription).
Ms. Bretz also claims that prescription could not run in Barry’s favor while he remained executor of their father’s succession. Specifically, she argues that because the succession representative is the proper party qualified to assert claims on behalf of the succession, prescription was suspended as Barry was the executor while the succession was under administration. See La. C.C. art. 685. Therefore, she claims that prescription could not run in Barry’s favor until he was discharged as executor of the succession in 2010.
As a co-trustee of the decedent’s succession, Ms. Bretz was also an appropriate party to challenge the administration enforcement if she believed that the succession was not properly enforced. Additionally, Ms. Bretz’s argument would require that the disputed ownership interest in the SJD property was a part of the succession at the outset. The record demonstrates the SJD property was validly transferred while Bernard, Sr. was still living in 1998; thus, the one-half interest at the time of its transfer was not a part of the succession.
Additionally, Ms. Bretz avers Barry’s filing of the notice of lis pendens interrupted prescription. Acknowledgment by a debtor of a creditor’s right will interrupt prescription. See La. C.C. art. 3464 (comment (b)). The 2001 notice of lis pendens filed by Barry in his capacity as executor of decedent’s succession was for the purpose of protecting the heirs from any claims by decedent’s second wife Dorothy.[4] Likewise, the notice of lis pendens acknowledged that the SJD property was owned in part by Barry. The record is absent of any evidence to suggest that Barry, in filing the notice of lis pendens, acknowledged Ms. Bretz’s right, or any coheir’s right to his one-half interest in the SJD property. Accordingly, we find this assignment of error lacks merit.

VALIDITY OF THE 1998 ACT OF SALE

Ms. Bretz also claims the 1998 act of sale was not a valid transfer in that there was no consideration given in exchange for ownership and recordation of title is not evidence of a valid transaction. In her contention that there was no consideration given for ownership of the SJD property, Ms. Bretz argues that the act of *33 sale.was a donation in disguise. Donations in disguise are “conveyances intended by the parties to be valid but in which they have misrepresented the character of their transaction (See Richard v. Richard, 129 La. 967, 57 So. 286 (1912); Byrd v. Pierce, 124 La. 429, 50 So. 452 (1909)).” See La. C.C. art. 2026 (comment (a)).
Ms. Bretz avers that the transaction was invalid as Barry paid no consideration for ownership of the SJD property. Specifically, she avers that the 19act of sale should be set aside because, although the act of sale states a consideration of $250,000, no money exchanged hands. Pursuant to La. C.C. art. 2464, consideration is an essential element in the sale of immovable property; specifically, the “price must be fixed by the parties in a sum either certain or determinable through a method agreed by them.” Unless the parties intended that a price be paid, there is no sale. Id. Additionally, “the price must not be out of all proportion with the value of the thing sold.” Id.
The act of sale in this case stated in clear terms that the sale was “made and accepted for and in consideration of $250,000” to Barry, with a $200,000 credit towards the purchase price for amounts previously paid in the form of rent. The act of sale also specified that the remaining amount owed would be paid in twenty installments of $2,500. It is undisputed that Barry paid the remaining $50,000 portion of the sale to Bernard, Sr. as contemplated by the 1998 act of sale. Further, it is well-settled law that previously paid rent is deemed appropriate consideration for an act of sale of immovable property. See Zeller v. Webre, 09-45 (La.App. 5 Cir. 5/26/09), 17 So.3d 55; and Bennett v. Porter, 10-1088 (La.App. 3 Cir. 3/9/11), 58 So.3d 663. Therefore, there was sufficient consideration for Barry’s purchase of Bernard, Sr.’s one-half interest in the SJD property.
In addition, Ms. Bretz contends that there was a quid pro quo agreement between Barry and Dorothy. The trial court found no merit to this argument given that it is clear from the 1994 statutory will that it was Bernard, Sr.’s intention to sell his interest in the SJD property to Barry. Paragraph four of Bernard, Sr.’s |101994 statutory will states that it was his intent to sell his one-half ownership interest to Barry at fair market value. Additionally, in paragraph two, he bequeathed to Dorothy his entire interest in the community property located at 2028 Napoleon Avenue.
Therefore, the trial court found no merit to Ms. Bretz’s contention that the act of sale was a donation in disguise or that there was a quid pro quo agreement between Barry and Dorothy. For these reasons, the trial court concluded that the act of sale was a valid transfer of ownership, finding the act of sale was in authentic form, duly recorded and registered, and had sufficient consideration.
Moreover, Ms. Bretz claims the act of sale should be set aside because the power of attorney is invalid on the grounds that at the time of its execution, Bernard, Sr. lacked the mental capacity to grant Dorothy the authority to act as his general attorney-in-fact. To support her claim, Ms. Bretz directs this Court to the trial court’s 2002 ruling during succession proceedings which found Bernard Sr.’s 1995 olographic will invalid based on his lack of mental capacity. The trial court determined that Bernard, Sr.’s chronic mental condition made him susceptible to Dorothy’s influence and control where that control was used for purposes that did not comport with his intentions. Therefore, the trial court found Bernard, Sr. lacked testamentary capacity because “he could not employ independent judgment in mak *34 ing decisions concerning the disposition of the handling of his estate,” as a result of his deteriorating mental health and the undue influence of his wife Dorothy.
|nMs. Bretz contends that because the trial court in 2002 found the February 1995 olographic will invalid because Bernard, Sr. lacked the testamentary capacity to do so, the evidence also demonstrates that Bernard, Sr.’s mental condition became worse by December 1995 when he granted Dorothy the power of attorney. As a result, Ms. Bretz avers that it should follow that the decedent lacked the mental capacity to execute the power of attorney in Dorothy’s favor; therefore, the act of sale purporting to transfer the decedent’s interest in the SJD property to Barry is invalid. We find this argument lacks merit.
First, Ms. Bretz’s reliance on the trial court’s 2002 ruling regarding the decedent’s diminished mental condition is misguided. The trial court’s 2002 ruling was limited to the question of the validity of the 1995 olographic will. The trial court found Bernard, Sr.’s chronic mental condition made him susceptible to Dorothy’s influence and control where that control was used for purposes that did not comport with his intentions; and therefore, the trial court found the 1995 olographic will invalid because “he could not employ independent judgment” in the handling of his estate as a result of his deteriorating mental health and the undue influence of his wife Dorothy. The validity of the power of attorney in favor of Dorothy was never raised or adjudicated by the trial court in the 2002 proceedings. Thus, we cannot say that it should follow that because the trial court found the 1995 olographic will invalid due to the decedent’s diminished mental capacity, the power of attorney is also invalid where the issue was never raised or adjudicated.
| ^Nevertheless, the provisions of La. R.S. 9:5647 make clear that claims to set aside a document or instrument, here the act of sale, on the ground that the party executing the document or instrument under authority of a power of attorney was without authority to do so, must be raised before the running of the prescriptive period. The record demonstrates the 1998 act of sale, in authentic form, was properly recorded and registered, in the conveyance and mortgage records in Orleans Parish on August 6, 1998, with the power of attorney attached. Pursuant to La. R.S. 9:5647(B), the five year prescriptive period from the date of recordation does not apply to documents recorded prior to August 15, 2008, that had already run and become final ten years after the recordation date or August 15, 2013, whichever occurs first. Accordingly, the prescriptive period became final in this case on August 6, 2008. Ms. Bretz did not file her claim to set aside the sale on the ground that the power of attorney was invalid until December 30, 2010. Thus, the trial court did not manifestly err in concluding that Ms. Bretz’s claim to set aside the act of sale prescribed.

DECREE

Based on the forgoing reasons, we find the trial court did not err in granting the exception of liberative prescription pursuant to La. R.S. 9:5647 and the motion that a judgment be rendered recognizing that Barry acquired a one-half interest in the SJD property. Therefore, we affirm.
AFFIRMED

. In the succession proceedings of Bernard, Sr., a two day trial was held on May 29, 2002, in Orleans Parish Civil District Court.

. In re Succession of Samuel, 11-1511 (La.App. 4 Cir. 5/2/12), 89 So.3d 1275.

. In re Succession of Samuel, 12-1707 (La.12/14/12), 104 So.3d 415.

. In a separate action filed on June 26, 2001, Dorothy filed a petition for partition by licitation and for payment of fruits of property owed against Barry and Ms. Bretz. The matter was later settled on September 4, 2001.