# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT


**15-37**


**THEODULE P. NOEL, JR., ET AL.**

**VERSUS**

**THEODULE PIERRE NOEL, SR., ET AL.**


\*\*\*\*\*\*\*\*\*\*


APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF VERMILION, NO. 2013-96657
HONORABLE THOMAS R. DUPLANTIER, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*


**ULYSSES GENE THIBODEAUX**
**CHIEF JUDGE**

\*\*\*\*\*\*\*\*\*\*


Court composed of Ulysses Gene Thibodeaux, Chief Judge, Sylvia R. Cooks, and Elizabeth A. Pickett, Judges.

**REVERSED IN PART, AFFIRMED IN PART, AND REMANDED.**


**R. Chadwick Edwards, Jr.**
**Edwards & Edwards**
**P. O. Box 217**
**Abbeville, LA 70511-0217**
**Telephone: (337) 893-2884**
**COUNSEL FOR:**
    **Defendants/Appellees - Theodule Pierre Noel, Sr. and Samuel Noel**

**Paul Joseph Hebert**
**Ottinger Hebert**
**P. O. Drawer 52606**
**Lafayette, LA 70505-2606**
**Telephone: (337) 232-2606**
**COUNSEL FOR:**
    **Intervenor/Appellee - C. Noel as Executrix of Succession of Irene Joyce Trahan Noel**

**Ralph Edward Kraft**
**Kraft Gatz LLC**
**600 Jefferson Street – Suite 410**
**Lafayette, LA 70501**
**Telephone: (337) 706-1818**
**COUNSEL FOR:**
    **Plaintiffs/Appellants - Theodule P. Noel, Jr., Christine Noel Devenport, and Catherine A. Noel**

**Stephen Gary McGoffin**
**Durio, McGoffin, Stagg & Ackermann, P.C.**
**P. O. Box 51308**
**Lafayette, LA 70505**
**Telephone: (337) 233-0300**
**COUNSEL FOR:**
    **Defendants/Appellees - Samuel Shuffler, M.D. and Ross Hebert**

**THIBODEAUX, Chief Judge.**

Plaintiffs-Appellants Theodule P. Noel, Jr., Catherine Noel, and Christine Noel Devenport, who are siblings, brought an action against Defendants-Appellees Theodule P. Noel, Sr. and Samuel J. Noel, their father and brother, to revoke certain sales of property executed by Appellees. Appellants are legatees in the will of Irene Noel, their mother, and were to inherit those properties that were sold. Appellees entered into the sales during the life of Mrs. Noel using a power of attorney she executed which named Samuel J. Noel as mandatary. Appellants allege the power of attorney was not authentic and that their mother lacked capacity to execute the power of attorney. Appellants further amended their petition to request the cancellation of certain farm leases in which their parents were lessees. In his answer and reconventional demand, Theodule Noel, Sr., Appellee and Appellants' father, requested that several inter vivos donations made to Appellants be revoked for ingratitude.

Amongst several other motions and legal issues, the trial court most notably determined that Appellants had no right of action to bring suit. However, the trial court also granted summary judgment on the issue of authenticity, finding the power of attorney to be authentic, did not rule on the issue of the farm leases, granted an exception of prescription as to one of the third party purchasers, Dr. Samuel Schuffler, and dismissed Theodule Noel, Sr.'s request for revocation of donations as prescribed. Both Appellants and Appellees appeal the trial court's judgment. On appeal, we reverse in part, affirm in part, and remand for further proceedings.

# I.

## ISSUES

This Court will consider:

(1)    whether Appellants have a cause of action to rescind sales that were effectuated using an allegedly invalid power of attorney?

(2)    whether the trial court erred in entering a no right of action, on its own motion, dismissing Appellants' suit?

(3)    whether the trial court erred in denying Appellees' motion to strike affidavits for lack of personal knowledge?

(4)    whether the trial court erred in granting summary judgment as to the authenticity of the power of attorney?

(5)    whether the trial court erred in granting Dr. Samuel Schuffler's exception of prescription?

(6)    whether the trial court erred in denying Appellees' motion in limine asserting a *Daubert* challenge to the testimony of Dr. Ronald Lahasky?

(7)    whether the trial court erred in denying Appellants' motion for leave to file a third supplemental and amended petition?

(8)    whether the trial court erred in denying Catherine A. Noel's motion for leave to intervene in her capacity as executrix?

(9)    whether the trial court erred in dismissing the breach of farm lease claims?

(10)    whether the trial court erred in finding that Theodule Noel, Sr.'s reconventional demand, attempting to revoke inter vivos donations, had prescribed?

# II.

## FACTS AND PROCEDURAL HISTORY

The allegations made by both parties to this suit center around a power of attorney executed in 2006 and the sales of properties pursuant to that instrument. Mrs. Irene Joyce Trahan Noel ("Mrs. Noel"), now deceased, and Mr.

Theodule P. Noel, Sr. ("Mr. Noel") were married and had four children of the marriage: Theodule P. Noel, Jr., Christine Noel Devenport, Catherine A. Noel, and Samuel J. Noel. Mr. and Mrs. Noel prepared last wills and testaments in 2005. Those documents established that Theodule Noel, Jr., Christine Devenport, and Catherine Noel were to receive certain parcels of property according to Mrs. Noel's will, while Samuel Noel would receive property according to Mr. Noel's will. Mrs. Noel allegedly executed a power of attorney, dated January 12, 2006, purportedly giving her son, Samuel Noel, authority to conduct various acts on her behalf, including the sale and transfer of property. In addition to their wills, Mr. and Mrs. Noel had previously made several inter vivos donations of property to their children, then executed farm lease agreements related to those properties, which established their children as lessors and Mr. and Mrs. Noel as lessees.

In 2007, Mrs. Noel suffered a stroke, after which her health steadily declined. The parties disagree about the status of Mrs. Noel's health prior to her stroke. However, Appellants allege that beginning in December 2005, Mrs. Noel began experiencing a mental decline, which was exhibited by confusion, lack of awareness and memory, as well as her continual inability to dress and bathe herself. Appellants filed a petition for interdiction of Mrs. Noel on May 9, 2011. Service was not effectuated on Mrs. Noel within the requisite time and the proceedings were not advanced.

Between 2008 and 2011, Samuel Noel, via power of attorney, and Mr. Noel executed several sales of Mr. and Mrs. Noel's property. Those sales were made to Samuel Noel himself, his wife, Pamela Andrepont Noel, Ross Hebert, and Dr. Samuel Schuffler. The properties sold included those that Mrs. Noel had previously indicated in her will would be donated mortis causa to her other three

3

children.  Furthermore, Samuel Noel, via power of attorney, and Mr. Noel sublet the leased farm property belonging to Appellants to third parties, allegedly in contradiction of the lease agreement.

Mrs. Noel died on January 19, 2012.  Her succession was opened on January 30, 2012, in a separate proceeding with Judge Marilyn Castle, but was not under administration.  In that proceeding, Judge Castle appointed Catherine Noel as Executrix on April 8, 2013.  Appellants initiated the current suit on January 15, 2013, to cancel the real estate transactions, alleging they were executed using an invalid power of attorney.  Appellants asserted that the power of attorney could not have been signed on the day it is dated, as well as that Mrs. Noel lacked capacity at that time to sign a power of attorney.  Appellants then filed a first supplemental and amended petition to cancel the farm leases for breach of the lease agreements, and to recover Farm Service Agency (FSA) payments and crop revenues.  In his answer, Mr. Noel filed a reconventional demand seeking the revocation of inter vivos donations he made to Appellants between 1986 and 2003.  Mr. Noel listed twelve acts of ingratitude committed by Appellants that he believed constituted cruel treatment and grievous injury sufficient to revoke the donations.

During the course of several hearings, the trial court made a number of rulings and took issues under advisement.  Ultimately, the trial court:  (1) entered a no right of action, finding that Appellants were not the proper parties to rescind the power of attorney; (2) granted summary judgment and determined the power of attorney was authentic and signed on January 12, 2006; (3) granted Dr. Samuel Schuffler's exception of prescription and dismissed all claims against him; (4) denied Appellees' motion in limine requesting a *Daubert* hearing; (5) denied Appellants' request for leave to file a third and supplemental amended petition;

and (6) dismissed Mr. Noel's request to revoke inter vivos donations as prescribed. As will be discussed in more detail, the trial court refrained from making any direct rulings on the remaining issues.

III.

## NO CAUSE OF ACTION and NO RIGHT OF ACTION

Appellants seek to invalidate the sales of property by alleging the power of attorney used to execute them was invalid. Appellants claim that (1) the power of attorney could not have been executed on the day it is dated, and (2) Mrs. Noel did not have the requisite capacity at the time she signed the power of attorney. Therefore, the alleged invalid power of attorney is the primary basis for rescinding the sales as requested by Appellants.

The trial court, on its own motion, raised and granted a peremptory exception of no right of action, stating that Appellants "had no legal interest in this property when it was sold, and are suing based on anticipated inheritance." Furthermore, Appellees reiterate an exception of no cause of action on appeal. In reviewing these exceptions, this Court will determine whether there is a cause of action, and whether Appellants, who are legatees in Mrs. Noel's will as well as Mrs. Noel's heirs, have a right of action to challenge the power of attorney.

### *Standard of Review*

In Louisiana, plaintiffs must assert a cause of action in their petition and the failure to do so may be raised by motion by another party or the court itself. La.Code Civ.P. arts. 891 and 927(B). No evidence may be introduced to support or refute the assertion that the petition does not state a cause of action. La.Code Civ.P. art. 931. Whether a cause of action exists is a question of law and

5

on appeal is reviewed de novo. *Peters v. Allen Parish Sch. Bd.*, 08-323 (La.App. 3 Cir. 11/5/08), 996 So.2d 1230. If, after accepting all facts in the petition as true, "the petition alleges sufficient facts to establish a case cognizable in law, an exception of no cause of action must fail." *Jones v. Tezeno*, 99-1693, p. 4 (La.App. 3 Cir. 3/1/00), 758 So.2d 896, 899.

In addition to a cause of action, the plaintiff must have a real and actual interest in the claim asserted. La.Code Civ.P. art. 681. Whether or not the plaintiff has such interest in the subject matter of the claim can be challenged by raising an exception of no right of action. *Hood v. Cotter*, 08-215 (La. 12/2/08), 5 So.3d 819. "The function of the exception of no right of action is to determine whether the plaintiff belongs to the class of persons to whom the law grants the cause of action asserted in the suit." *Id*. at 829. The trial or appellate court may notice an exception of no right of action on its own motion, and need not allow the plaintiff a delay in which to amend the petition when the grounds for the exception cannot be removed. La.Code Civ.P. arts. 927 and 934.

Whether or not a plaintiff has a right of action is a question of law. *Eagle Pipe and Supply, Inc. v. Amerada Hess Corp.*, 10-2267 (La. 10/25/11), 79 So.3d 246. Questions of law are reviewed by the appellate courts under the de novo standard of review. *Land v. Vidrine*, 10-1342 (La. 3/15/11), 62 So.3d 36. In determining an exception of no right of action, the court is to assume "that the petition states a valid cause of action for some person and questions whether the plaintiff in the particular case is a member of the class that has a legal interest in the subject matter of the litigation." *Hood*, 5 So.3d at 829.

Generally, a contract may only be rescinded for lack of capacity, a relative nullity, at the request of the legally incapable person or their legal representative. La.Civ.Code art. 1919; *see also* La.Civ.Code art. 2031. Article 1926 of the Louisiana Civil Code, however, provides a vehicle to challenge a contract based on lack of capacity after the death of the alleged incapacitated person. Article 1926 provides:

> A contract made by a noninterdicted person deprived of reason at the time of contracting may be attacked after his death, on the ground of incapacity, only when the contract is gratuitous, or it evidences lack of understanding, or was made within thirty days of his death, or when application for interdiction was filed before his death.

La.Civ.Code art. 1926. In order to attack the contract, the challenger must show that at least one of the four circumstances listed exists. Appellants in this case assert that the power of attorney is a gratuitous contract.

A power of attorney is a contract of mandate, "a contract by which a person, the principal, confers authority on another person, the mandatary, to transact one or more affairs for the principal." La.Civ.Code. art. 2989. A contract of mandate is presumed to be gratuitous unless the parties agree otherwise. La.Civ.Code art. 2992. The power of attorney in question does not state that it is an onerous contract. Therefore, it is gratuitous, thus implicating La.Civ.Code art. 1926. Under this article, a cause of action exists to allow the proper plaintiffs to challenge the power of attorney after Mrs. Noel's death. However, unlike La.Civ.Code art. 1919, which only establishes the incapable person or their legal representative as the proper parties to rescind the contract, Article 1926 does not state who may seek rescission of the contract under these circumstances. Thus, the

question remains, who has a right of action to challenge the power of attorney under La.Civ.Code art. 1926?

"If no succession is open and under administration, an heir can sue directly, in his or her own name, without having been recognized as such by the probate court; all that is required is that he furnish satisfactory evidence of his right to inherit." *Woodward v. Upp and Our Lady of the Lake Reg'l Med. Ctr.*, 13-999, p. 6 (La.App. 1 Cir. 2/18/14), 142 So.3d 14, 19; *see also Catlett v. Catlett*, 99 So.2d 135 (La.1957). Furthermore, the Louisiana Supreme Court has implicitly lent its judicial imprimatur on the issue of allowing heirs to proceed under La.Civ.Code art. 1926 as plaintiffs. *See generally Knight v. Knight*, 70 So.2d 97 (La.1953) (children of decedent proceeded under La.Civ.Code arts. 403 and 1788, the predecessors of La.Civ.Code art. 1926, to set aside sale, but the action failed because the requirements of such articles were not met by the evidence); *Wooley v. Louisiana Cent. Lumber Co.*, 16 So.2d 360 (La.1943) (heirs of decedent brought action under La.Civ.Code arts. 403 and 1788 to set aside sale but failed to meet requirements of articles); *Strong v. Haynes*, 94 So. 322 (La.1922) (heirs of decedent attempted to nullify sale contract on ground of incapacity and fraud but could not admit evidence on incapacity because requirements of La.Civ.Code art. 1788 were not present).

When the original petition was filed, the succession of Mrs. Noel was not under administration and Appellants properly brought this suit as heirs to Mrs. Noel. The judgment of the trial court dismissing the suit for no right of action is reversed.

IV.

## <u>MOTION TO STRIKE</u>

Appellees moved to strike the affidavits presented by Appellants in support of their opposition to summary judgment on the issue of authenticity of the power of attorney. Appellees allege the affiants had no personal knowledge of the signing of the power of attorney and, therefore, the affidavits should be stricken from the record. While we could find no explicit ruling on the motion by the trial court, our examination of the record reveals that the trial judge considered the affidavits in coming to a decision on the motion for summary judgment. In doing so, the trial judge implicitly denied the motion to strike. We shall, therefore, address it.

### *Standard of Review*

A motion to strike is a proper procedural vehicle to challenge an affidavit. *Gutierrez v. Baldridge*, 10-1528 (La.App. 3 Cir. 5/11/11), 65 So.3d 251, *writ denied*, 11-1589 (La. 10/7/11), 71 So.3d 319. Affidavits must be based on personal knowledge and must set forth facts that would be admissible at trial. La.Code Civ.P. art. 967(A). "Because the trial court is accorded vast discretion in determining whether to admit or exclude evidence, its decision will not be reversed absent a showing that it abused that discretion." *Gutierrez*, 65 So.3d at 254.

### *Law and Discussion*

The affiant must have personal knowledge of the information to which they are attesting. La.Code Civ.P. art. 967. "'Personal knowledge' in the law of evidence means something which the witness actually saw or heard. . . ." *Stevens v. Bernard*, 95-1010, p. 4 (La.App. 3 Cir. 1/31/96), 670 So.2d 264, 266. Our

review of the affidavits concludes they were indeed based on the personal knowledge of the affiants and their appreciation of the events occurring on January 12, 2006. The affiants attest to their own whereabouts, activities, and interactions with Mrs. Noel and each other on that day. In giving deference to the trial court and after review, we affirm the denial of the motion to strike.

V.

## GRANT OF SUMMARY JUDGMENT ON AUTHENTICITY

Appellees filed a motion for summary judgment on both issues of authenticity and capacity in regards to the power of attorney. The trial court granted the summary judgment on the issue of authenticity, but declined to make a determination regarding capacity. We will only review the motion for summary judgment as it applies to authenticity.

### *Standard of Review*

The grant or denial of a motion for summary judgment is reviewed de novo, "using the same criteria that govern the trial court's determination of whether summary judgment is appropriate; i.e. whether there is any genuine issue of material fact, and whether the movant is entitled to judgment as a matter of law." *Samaha v. Rau*, 07-1726, pp. 3-4 (La. 2/26/08), 977 So.2d 880, 882-83 (citations omitted); La.Code Civ.P. art. 966.

### *Law and Discussion*

As movant, Appellees had the burden of proof. La.Code Civ.P. art. 966(C)(2). However, because they would not bear the burden of proof at trial on this issue, Appellees only needed to demonstrate that Appellants lacked support for

10

one or more elements necessary to their claim. *Id*. Appellants then were to establish they will be able to satisfy their burden of proof at trial and that genuine issues of material fact do exist. *Id*. On the issue of authenticity, Appellees argue that Appellants cannot meet their burden of clear and convincing evidence to overcome the presumption that the authentic act is valid. In opposition to the motion, Appellants assert Mrs. Noel could not have been present to sign the power of attorney on January 12, 2006, because she was consistently with one or another of Appellants on that day. Affidavits signed by Appellants were included in the opposition attesting to their whereabouts with Mrs. Noel the day the act was signed.

While depositions, affidavits, and answers to interrogatories "may be used to support or oppose a motion for summary judgment, [they] may not be weighed." *Lexington House v. Gleason*, 98-1818 (La.App. 3 Cir. 3/31/99), 733 So.2d 123, 126, *writ denied*, 99-1290 (La. 6/25/99), 746 So.2d 603.[1] Although the

---

[1] At the hearing on the motion, the trial judge made several comments indicating he made credibility determinations and weighed the affidavits presented to him in making his summary judgment determination. For example, when discussing whether the Power of Attorney was in fact signed on January 12, 2006, the trial judge commented:

> Here's my problem with that point. . . . [W]hat you today ask me to do with regards to this issue, that is validity of the [Power of Attorney] . . . basically, is for me to say Mr. Edwards is lying, that he signed a document and authenticated a document on January 12, 2006, and that two witnesses, who also signed on that date -- and it was dated -- did not occur. I have not seen any evidence to prove that. I have not seen any -- I have seen affidavits that, from 8:30 in the morning until 12:00 at noon I was with my mom from sometime later; I was also with my mom; I drove by the house and there were two cars there; my dad cooks all the time. I mean, all these -- I don't know how -- And I'm not questioning any of that, but I don't know how somebody can remember the details to that extent on this particular date, six (6) years ago, and then in the same light for me to say that Mr. Edwards, who is an officer of the court, who signed and did this document, did not do it. And so I'm telling you that issue is dead and gone. It happened. I see no evidence to suggest to me that this Power of Attorney did not -- Power of Attorney did not occur on January 12, 2006.

Such credibility determinations are inappropriate for summary judgment. *Lexington House*, 733 So.2d 123.

11

burden of proof is high, clear and convincing evidence, we find that the affidavits presented by Appellants, when taken to be true, at least create a genuine issue of material fact as to whether or not Mrs. Noel was available to sign the power of attorney on that particular day. The grant of summary judgment on the issue of authenticity is reversed and the matter remanded for further proceedings.

VI.

**EXCEPTION OF PRESCRIPTION**

In their second amended petition, Appellants named Dr. Samuel Schuffler and Ross Hebert as defendants. Dr. Schuffler and Mr. Hebert were parties to two of the sales executed by Appellees. Appellants seek to set aside those sale documents because they were executed using the power of attorney. Dr. Schuffler and Mr. Hebert filed an exception of prescription, arguing that the ability to invalidate the sales is based on an invalid power of attorney and, therefore, subject to a five-year prescription period provided in La.Civ.Code art. 2032. The trial court granted the exception as to Dr. Schuffler finding that under La.Civ.Code art. 2032 any attack on the validity of the power of attorney was barred after five years. In the written reasons for judgment the court also stated Appellants had no right of action to bring a suit to nullify the sales to third parties based on La.Civ.Code art. 1919, ultimately dismissing any claims against Mr. Hebert. After previously determining the plaintiffs did in fact have a right of action to challenge the sales under La.Civ.Code art. 1926, we now determine whether or not the grant of exception of prescription was proper.

### Standard of Review

Generally, "[w]hen prescription is raised by peremptory exception, with evidence being introduced at the hearing on the exception, the trial court's findings of fact on the issue of prescription are subject to the manifest error-clearly wrong standard of review." *Specialized Loan Servicing L.L.C. v. January*, 12-2668, pp. 3-4 (La. 6/28/13), 119 So.3d 582, 584 (citations omitted). However, in this case, the trial court applied the incorrect prescriptive statute in reaching its conclusion, thus constituting legal error. "There is legal error when a trial court applies incorrect principles of law and these errors are prejudicial." *Chambers v. Village of Moreauville*, 11-898, p. 4 (La. 1/24/12), 85 So.3d 593, 597. When a legal error is present, "the manifest error standard of review is no longer applicable, and, if the record is otherwise complete, the appellate court should make an independent *de novo* review of the record and determine which party should prevail by a preponderance of evidence." *Id.*

### Law and Discussion

Louisiana Revised Statutes 9:5647 sets forth prescription specifically for actions to set aside instruments executed under authority of an invalid power of attorney. *See In re Succession of Samuel*, 13-1677 (La.App. 4 Cir. 7/23/14), 158 So.3d 27. When considering two applicable statutes, the more specific is controlling. *Silver Dollar Liquor, Inc. v. Red River Parish Police Jury*, 10-2776 (La. 9/7/11), 74 So.3d 641. As La.R.S. 9:5647 is the more specific provision governing prescription under these circumstances, it should prevail over the general provision of La.Civ.Code art. 2032. Section 9:5647 states:

> A. Any action to set aside a document or instrument on the ground that the party executing the

document or instrument under authority of a power of attorney was without authority to do so, or that the power of attorney was not valid, is prescribed by five years, <u>beginning from the date on which the document or instrument is recorded in the conveyance records, or the mortgage records if appropriate</u>. Nothing contained in this Section shall be construed to limit or prescribe any action or proceeding which may arise between a principal and the person acting under authority of a power of attorney.

B.     The prescriptive period established by Subsection A of this Section shall be retroactive and shall apply to all such documents whether recorded prior to or after August 15, 2008; <u>however, as to any documents recorded prior to August 15, 2008, as to which prescription has not already run and become final, the prescriptive period established by Subsection A of this Section shall become final and complete ten years from the date the document was recorded or August 15, 2013</u>, whichever occurs first.

La.R.S. 9:5647 (emphasis added).

The record indicates that the sale to Dr. Schuffler was recorded on April 9, 2008. Subsection (B) applies to this document as it was recorded prior to August 15, 2008. Prescription had not run as of August 15, 2008, and so it becomes final and complete ten years from the date of recordation or August 15, 2013, whichever occurs first. Ten years from the date of recordation would be April 9, 2018, making August 15, 2013 the applicable date for prescription. As this suit was initiated on January 15, 2013, prescription to challenge this sale had not run. In conclusion, the grant of the exception of prescription in favor of Dr. Schuffler is reversed and he is, therefore, not dismissed.

14

## <u>MOTION IN LIMINE</u>

On appeal, Appellees seek the reversal of the trial court's denial of their motion in limine, which asserted a *Daubert* challenge to the methodology of Dr. Ronald Lahasky and sought the exclusion of his testimony as an expert. Appellees allege that Dr. Lahasky's opinion regarding Alzheimer's disease conflicts with applicable law, and that his opinion is of no assistance to the court. Appellees further allege that Dr. Lahasky did not use proper methodology in generating his diagnosis.

### *Standard of Review*

Motions in limine are reviewed on appeal using the abuse of discretion standard of review, giving the trial court great discretion in its consideration of the motion. *Scott v. Dauterive Hosp. Corp.*, 02-1364 (La.App. 3 Cir. 4/23/03), 851 So.2d 1152, *writ denied*, 03-2005 (La. 10/31/03), 857 So.2d 487; *see also Heller v. Nobel Ins. Group*, 00-261 (La. 2/2/00), 753 So.2d 841. Furthermore, the trial court is given wide discretion in determining what expert testimony will be allowed under La.Code Evid. art. 702 and "such judgment will not be disturbed by an appellate court unless it is clearly erroneous." *Cawthorne v. Folgeman*, 12-870, p. 9 (La.App. 3 Cir. 2/6/13), 107 So.3d 906, 912, *writ denied*, 13-501 (La. 4/12/13), 111 So.3d 1011.

### *Law and Discussion*

The trial court denied the motion in accordance with reasons that were orally assigned in open court. A transcript of the hearing on the motion was not included in the record prepared to this Court nor does the record indicate what

evidence was introduced at that hearing. The appellant bears the burden of designating the record on appeal. La.Code Civ.P. arts. 2128. "When there are factual issues involved and the record contains neither a transcript of testimony nor a narrative of facts, there is nothing for appellate review. Under such circumstances, we must presume that the judgment of the trial court is correct and supported by sufficient competent evidence." *Preuett v. Preuett*, 517 So.2d 848, 849 (La.App. 3 Cir. 1987); *see also Wilson v. Taco Bell of Am., Inc.*, 40,430 (La.App. 2 Cir. 12/21/05), 917 So.2d 1223.

Therefore, because this Court recognizes the wide discretion of the trial court in regards to motions in limine and *Daubert* assertions, and because there is no evidence in the record to indicate whether or not the trial court was clearly erroneous, we must presume the court was correct in the denial of the motion. The ruling of the trial court is affirmed.

VIII.

## THIRD SUPPLEMENTAL AND AMENDED PETITION

Several days prior to the March 31, 2014 hearing on motions, Appellants requested leave to file a third supplemental and amended petition. The judge denied the motion stating it was neither ripe nor proper at the time and stating he may consider the motion after the March 31 hearing. Appellants appeal the denial asserting they should have been granted leave because the request was within the court's scheduling order and would not delay the scheduled trial.

### *Standard of Review*

A plaintiff is allowed to amend his petition after an answer is served only by leave of court or written consent of the adverse party. La.Code Civ.P. art.

16

1151(A). It is within the trial court's discretion whether to allow an amendment to the petition after an answer is filed. *Broussard v. Breaux*, 412 So.2d 176 (La.App. 3 Cir.), *writ denied*, 416 So.2d 115 (La.1982). That ruling is not to be disturbed on appeal unless there has been an abuse of discretion. *Id*.

## *Law and Discussion*

"Amendment of pleadings should be liberally allowed, provided that the movant is acting in good faith, amendment is not sought as delaying tactic, opponent will not be unduly prejudiced, and trial of issues will not be unduly delayed." *Farmers-Merchants Bank and Trust Co. v. St. Katherine Ins.*, 93-552 (La.App. 3 Cir. 3/9/94), 640 So.2d 353, 356, *writ denied*, 94-841 (La. 5/13/94), 641 So.2d 204. In this case, the trial court had imposed a scheduling order, which may be done at the court's discretion. La.Code Civ.P. art. 1551. That scheduling order set a deadline, September 18, 2014, by which all amendments to pleadings must be filed. That court-imposed deadline had not passed when Appellants asked for leave to file a third and supplemental and amending petition on March 26, 2013. Furthermore, this motion for leave to amend was made approximately seven months before the trial date, November 17, 2014. However, the trial judge denied the motion because he believed the amendment to be untimely. The amended petition further details and clarifies the allegations against Appellees and, thus, does not unduly prejudice Appellees by presenting new issues or changing the substance of the original pleading.

Considering that the amended petition (1) would not have delayed the trial on the merits set for November 17, 2014, (2) would not unduly prejudice Appellees, (3) was timely according to the trial court's scheduling order and (4)

that amendment of pleadings should be liberally allowed, we find that the trial court abused its discretion in denying Appellants leave to file their amended petition.  The trial court's ruling is reversed and the motion for leave to file a third and supplemental and amending petition is granted.

IX.

## MOTION FOR LEAVE TO INTERVENE AS EXECUTRIX

On appeal, Catherine A. Noel requests that this Court make determinations regarding whether or not the trial court erred in denying her motion for leave to intervene in her capacity as executrix.  The trial judge specifically stated in open court that he would not give a ruling at that time, that he would "make that decision later" and that "[w]e may set that for another hearing."  The Reasons for Ruling and the June 2, 2014 Judgment do not further address the issue, resulting in neither a denial nor grant of the motion.  Therefore, there is nothing for this Court to review in regards to any issues involving the motion for leave to intervene.

X.

## FARM LEASES

On appeal, both parties request that this Court make determinations regarding lease cancellation claims in connection to several farm leases.  The trial judge specifically stated in open court that he would not give a ruling at that time.  The Reasons for Ruling and the June 2, 2014 Judgment also both fail to address these issues.  There is nothing for this Court to review in regards to any issues involving the farm leases.

# XI.

## RECONVENTIONAL DEMAND – REVOCATION OF DONATIONS

Mr. Noel, Appellee, filed a reconventional demand with his answer to Appellants' petition. In the reconventional demand, Mr. Noel alleged that Appellants had committed various acts of cruel treatment and grievous injury against him. He asked the court to revoke several inter vivos donations made to them based on their ingratitude. In response, Appellants allege that any attempt to revoke those donations has since prescribed. It appears the trial court did not make a ruling at the hearing for the reconventional demand and did not commit any rulings to writing at that time. However, at the hearing for a motion for new trial, the parties requested the judge reduce his ruling on the reconventional demand to writing, dismissing it as prescribed, which he did. Mr. Noel now appeals.

### *Standard of Review*

Prescription of a claim can be raised as a peremptory exception under La.Code Civ.P. art. 927. Evidence may be introduced on the objection when prescription is not evident on the face of the petition. La.Code Civ.P. art. 931. If evidence is introduced to the trial court, the appellate court's review of factual findings is subject to the manifest error standard of review. *Allain v. Tripple B Holding, L.L.C.*, 13-673 (La.App. 3 Cir. 12/11/13), 128 So.3d 1278. However, if no evidence is introduced, then the appellate court determines whether the trial court was legally correct. *Id.*

### *Law and Discussion*

A donor may revoke an inter vivos donation for ingratitude of the donee under two circumstances: "(1) [i]f the donee has attempted to take the life

19

of the donor; or (2) [i]f he has been guilty towards him of cruel treatment, crimes, or grievous injuries." La.Civ.Code art. 1557. The action to revoke a donation for ingratitude prescribes "one year from the day the donor knew or should have known of the act of ingratitude." La.Civ.Code art. 1558. In this case, the reconventional demand alleging acts of ingratitude was filed September 5, 2013. Therefore, any alleged acts of ingratitude must have occurred on or after September 5, 2012.

Mr. Noel lists twelve acts of ingratitude that he believes amounts to cruel treatment and grievous injuries. Mr. Noel did not include the dates on which these acts of ingratitude occurred. The list included the filing of the current lawsuit, attempting to evict Mr. Noel from his farm, attempting to deprive Mr. Noel of the income derived from his farm, accusations of fraud, and accusing him of criminal activity. In their answer, Appellants raised exceptions of vagueness and prescription. In support of their exception of prescription, the answer provides the dates on which Appellants believe the alleged acts occurred.

We observe that Mr. Noel failed to designate the portions of the record containing the hearing transcripts in relation to the reconventional demand. As he was the party to appeal this issue, it was his burden of designating the record on this matter. La.Code Civ.P. arts. 2128. Consequently, we rely on the rule that the judgment of the trial court is presumptively correct absent a transcript of those proceedings. *See Preuett*, 517 So.2d 848. This presumption is buttressed by the implicit acceptance of the dates provided in the answer to the reconventional demand, where Mr. Noel did not deny the factual correctness of those dates in the record.

20

However, this Court notices that acts of ingratitude numbers 11 and 12 in the reconventional demand, involving the current lawsuit and petition to cancel farm leases between Mr. Noel and Appellants have not prescribed. The original petition in this suit to cancel real estate transactions was filed on January 15, 2013. The request to cancel the farm leases was made in the First Amended and Supplemental Petition, filed August 1, 2013. It was on these dates that Mr. Noel was put on notice that an attempt was being made to cancel the real estate transactions and farm leases and, therefore, the date he knew or should have known of the alleged acts of ingratitude.

Based on the foregoing, the trial court's judgment dismissing the request to rescind donations for ingratitude based on prescription is affirmed as to all allegations of ingratitude in the reconventional demand, except for allegations 11 and 12. In regards to those allegations, the question of whether or not those acts constitute cruel treatment or grievous injury sufficient to revoke the donation is remanded to the trial court for a trial on the merits.

XII.

## CONCLUSION

For the foregoing reasons, the trial court judgment is reversed insofar as it found no right of action for Appellants. The trial court judgment is further reversed insofar as it (1) granted partial summary judgment on the issue of authenticity of the power of attorney, (2) granted Dr. Schuffler's exception of prescription, and (3) denied Appellants' motion for leave to file a third supplemental and amending petition. The judgment of the trial court is affirmed insofar as it denied the motion to strike and the motion in limine as well as

dismissed Mr. Noel's reconventional demand as prescribed, with the exception of allegations 11 and 12. The issue of Mrs. Noel's capacity, the authenticity of the power of attorney, and the issue of revocation of Mr. Noel's inter vivos donations based on ingratitude allegations number 11 and 12 are remanded for further proceedings.

Costs of this appeal are assessed equally against Plaintiffs-Appellants and Defendants-Appellees.

**REVERSED IN PART, AFFIRMED IN PART, AND REMANDED.**