# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 13-444


PARK WEST CHILDREN'S FUND, INC.

VERSUS

TRINITY BROADCASTING NETWORK, INC., ET AL.



**\*\*\*\*\*\*\*\*\*\***


APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 20122873
HONORABLE RONALD F. WARE, DISTRICT JUDGE

**\*\*\*\*\*\*\*\*\*\***

## JIMMIE C. PETERS
## JUDGE

**\*\*\*\*\*\*\*\*\*\***

Court composed of John D. Saunders, Jimmie C. Peters, and John E. Conery, Judges.


**REVERSED, RENDERED, AND REMANDED.**

Hunter W. Lundy
Daniel A. Kramer
Lundy, Lundy, Soileau & South
P. O. Box 3010
Lake Charles, LA 70602
(337) 439-0707
COUNSEL FOR PLAINTIFF/APPELLANT:
    Park West Children's Fund, Inc.

**Lance J. Kinchen**
**Carroll Devillier, Jr.**
**Breazeale, Sachse & Wilson**
**P. O. Box 3197**
**Baton Rouge, LA 70821-3197**
**(225) 387-4000**
**COUNSEL FOR DEFENDANTS/APPELLEES:**
    **Trinity Broadcasting Network, Inc.**
    **International ChristianBroadcasting, Inc.**

**PETERS, J.**

The plaintiff in this litigation, Park West Children's Fund, Inc., appeals from the trial court's dismissal of their claims against the defendants, Trinity Broadcasting Network, Inc. and International Christian Broadcasting, Inc., based on the lack of personal jurisdiction over the defendants. For the following reasons, we reverse the trial court judgment, render judgment rejecting the exception, and remand the matter for further proceedings.

## DISCUSSION OF THE RECORD

On July 5, 2012, Park West Children's Fund, Inc. (Park West), a California non-profit corporation, filed suit against Trinity Broadcasting Network, Inc., a California non-profit corporation (TBN), and International Christian Broadcasting, Inc., a Georgia non-profit corporation (ICB), seeking a declaratory judgment establishing the ownership of a Bell JetRanger helicopter titled in Park West's name. Park West obtained service on both TBN and ICB by use of the Louisiana Long-Arm Statute, La.R.S. 13:3201.

Neither TBN nor ICB answered the petition. Instead, on August 31, 2012, they responded by filing a declinatory exception of lack of personal jurisdiction together with a memorandum with attachments. Park West filed its own memorandum with attachments on November 12, 2012, and the trial court set the exception for a hearing on December 3, 2012. At that hearing, neither side offered any evidence in support of their respective positions and merely argued the content of the pleadings and attachments to their memoranda. After hearing the argument, the trial court issued oral reasons for judgment in favor of TBN and ICB and dismissed Park West's suit. The trial court executed a written judgment to this effect on December 17, 2012, and Park West then perfected this appeal. In its appeal, Park West asserts three assignments of error:

I.     The trial court's findings that the defendants lacked minimum contacts with Louisiana was[sic] manifestly erroneous.

II.    The trial court's findings that it would be "unfair to force defendants to litigate" in Louisiana was[sic] manifestly erroneous.

III.   The trial court committed legal error in sustaining defendants' declinatory exception of lack of personal jurisdiction.

**OPINION**

A court's lack of personal jurisdiction over a defendant may be raised as a declinatory exception pursuant to La.Code Civ.P. art. 925(A)(5). If the grounds raised by the declinatory exception can be removed by amendment, the trial court "shall order the plaintiff to remove them within the delay allowed by the court[.]" La.Code Civ.P. art. 932(A). However, the remedy if the grounds cannot be removed by amendment is dismissal of the plaintiff's "action, claim, demand, issue, or theory[.]" La.Code Civ.P. art. 932(B).

As noted in *SteriFx, Inc. v. Roden*, 41,383, pp. 5-6 (La.App. 2 Cir. 8/25/06), 939 So. 2d 533, 536-37:

> Due process requires that, in order to subject a nonresident defendant to a personal judgment, the defendant must have certain minimum contacts with the forum state such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice. *International Shoe Co. v. Washington*, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945); *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984); *de Reyes v. Marine Management and Consulting, Ltd.*, 586 So.2d 103 (La.1991).

> The due process test has evolved into a two-part test, the first part being the "minimum contacts" prong, which is satisfied by a single act or actions by which the defendant "purposefully avails itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475, 105 S.Ct. 2174, 2183, 85 L.Ed.2d 528 (1985). The nonresident's "purposeful availment" must be such that the defendant "should reasonably anticipate being haled into court" in the forum state. *Ruckstuhl v. Owens Corning Fiberglas Corporation*, 1998-1126 (La.4/13/99), 731 So.2d 881, *cert. denied*,

2

528 U.S. 1019, 120 S.Ct. 526, 145 L.Ed.2d 407 (1999). By requiring that a defendant must have purposefully availed himself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws, the requirement ensures that he will not be haled into a jurisdiction solely as a result of a random, fortuitous or attenuated contact, or by the unilateral activity of another party or a third person. *de Reyes v. Marine Management & Consulting, Ltd., supra*; *Alonso v. Line*, 2002-2644 (La.5/20/03), 846 So.2d 745, *cert. denied*, 540 U.S. 967, 124 S.Ct. 434, 157 L.Ed.2d 311 (2003).

The second part of the due process test centers around the fairness of the assertion of jurisdiction. Hence, once the plaintiff meets his burden of proving minimum contacts, "a presumption of reasonableness of jurisdiction arises" and "the burden then shifts to the opposing party to prove the assertion of jurisdiction would be so unreasonable in light of traditional notions of fair play and substantial justice as to overcome the presumption of reasonableness created by the defendant's minimum contacts with the forum." *de Reyes v. Marine Management and Consulting, Ltd., supra.* In determining this fundamental fairness issue, the court must examine (1) the defendant's burden; (2) the forum state's interest; (3) the plaintiff's interest in convenient and effective relief; (4) the judicial system's interest in efficient resolution of controversies; and (5) the state's shared interest in furthering fundamental social policies. *Ruckstuhl v. Owens Corning Fiberglas Corporation, supra.*

Appellate courts when reviewing a trial court's legal ruling on a declinatory exception of lack of personal jurisdiction apply a *de novo* standard. *Walker v. Super 8 Motels, Inc.*, 2004-2206 (La.App. 4th Cir.12/7/05), 921 So.2d 983. However, the trial court's factual findings underlying the decision are reviewed under the manifest error standard of review. *Diamond v. Progressive Security Insurance Company*, 2005-0820 (La.App. 1st Cir.3/24/06), 934 So.2d 739; *Peters v. Alpharetta Spa, L.L.C.*, 2004-0979 (La.App. 1st Cir.5/6/05), 915 So.2d 908.

These concepts have been legislatively embodied by La.R.S. 13:3201, Louisiana's long-arm statute, which "[extends] personal jurisdiction of the Louisiana courts over nonresidents to comport with the due process clause of the Fourteenth Amendment of the United States Constitution." *Hunter v. Meyers*, 96-1075, p. 3 (La.App. 1 Cir. 3/27/97), 691 So.2d 318, 320. In other words, La.R.S. 12:3201 and the limits set forth in *International Shoe* and *de Reyes* are co-extensive.

Park West utilized the Louisiana Long-Arm Statute to establish jurisdiction of the non-resident defendants TBN and ICB, and the sole inquiry is whether Louisiana's exercise of jurisdiction comports with constitutional due process. *See Petroleum Helicopters, Inc. v. Avco Corp.*, 513 So.2d 1188 (La.1987). With regard to the evidentiary burden of proof, the fifth circuit stated in *Phillips v. Home Insurance Co.*, 95-406, p. 6 (La.App. 5 Cir. 2/27/96), 671 So.2d 946, 947, that:

> La.C.C.P. art. 931 provides that, on the trial of the peremptory exception pled at or prior to the trial of the case, evidence may be introduced to support or controvert any of the objections pleaded, when the grounds thereof do not appear from the petition. Evidence is "any species of proof, or probative matter, legally presented at the trial, by the act of the parties and through the medium of witnesses, records, documents, exhibits, concrete objects, etc., for the purpose of inducing belief in the minds of the court or jury as to their contention." Black's Law Dictionary 498 (5th ed. 1979); *Ustica Enterprises, Inc. v. Costello*, 434 So.2d 137, 139 (La.App. 5th Cir.1983). When no evidence is presented at the hearing on the exception, then the objection must be decided upon the facts alleged in the petition. *Younger v. Marshall*, 618 So.2d 866, 871 (La.1993). However, when evidence is presented, then the issue must be decided on the evidence submitted.

Additionally, "[e]vidence not properly and officially offered and introduced shall not be considered, even if it is physically placed in the record." *Adams v. Allstate Ins. Co.*, 01-1244, p. 6 (La.App. 5 Cir. 2/26/02), 809 So.2d 1169, 1173.

Despite the fact that neither party introduced evidence in support or in opposition to the jurisdiction exception, the trial court considered the content of the attachments filed in the record with the memoranda of the parties and rendered judgment based on the content of those attachments.[1] In doing so, the trial court considered the second-prong factors set forth in *SteriFx, Inc.*, 939 So.2d 536, and

---

[1] We note that on appeal that TBN acknowledged that the affidavit of David C. Loe, its acting general counsel, was not totally accurate when he stated that TBN was not "licensed to do business in Louisiana." In brief to this court, TBN acknowledged that it is a subsidiary of Trinity Christian Center of Santa Ana, Inc., which has been registered with the Louisiana Secretary of State and qualified to do business in this state since April 18, 1988. However, since Mr. Loe's affidavit was never admitted into evidence, we need not consider this inaccuracy.

4

concluded that "it would be unfair to force" TBN and ICB to litigate the matter in Louisiana.[2]  We need not consider the trial court's factual findings on a manifest error basis because we find that it committed legal error in considering the content of the exhibits not filed into evidence.  Such a finding of legal error requires a *de novo* review on appeal.  *Id.* at 535.

Considering only the facts alleged in the pleadings, we find that Park West met its burden of establishing minimum contacts and that TBN and ICB failed to establish that the assertion of jurisdiction is unfair.  In its petition for declaratory relief, Park West asserted that it and both defendants are nonresident defendants.  Park West further asserted that it performs humanitarian activities all over the world, but that it has its principal business establishment in Calcasieu Parish, Louisiana.

The petition asserted that in 2005, TBN and/or ICB donated $354,000.00 to Park West for the specific purpose of purchasing a helicopter for use in its relief missions.  In support of that assertion, Park West attached to its petition a September 23, 2005 announcement, which appeared on TBN's website wherein TBN documented a trip by Paul Crouch, its founder, to South Louisiana in support of victims of Hurricane Katrina.  The announcement detailed TBN's relationship to Park West; its donation of the helicopter to Park West, which was then being used for relief efforts along the Louisiana Gulf Coast; Crouch's personal view of the devastated area; and his call to others for contributions to help in the recovery.  Not only did the announcement give TBN credit for donating the helicopter and for its presence in Louisiana, but it also stated that TBN had been active in the recovery

---

[2] Because the trial court based its reasons for judgment on the second prong of the due process analysis, we can only conclude that the trial court found that Park West met the minimum contacts prong of the analysis.

process before Crouch's arrival by previously providing 10,000 Bibles and 85,000 toys for distribution in the affected area.

In its petition, Park West also asserted that the helicopter had been purchased, registered, and maintained in Louisiana, but that it had also been used throughout the United States, Central America, and the Caribbean in humanitarian efforts; and that TBN and/or ICB had worked in conjunction with Park West on some of those efforts. This assertion was supported by a letter from Crouch to Don Tipton, Chief Executive Officer of Park West, dated May 15, 2012, which starts with the statement that "[i]t has been our joy to work with you, Sondra and Friendships through the years. Together we have done important things for the Kingdom of God by bringing emergency relief goods to needy people in different areas of the world." Another exhibit attached to the original petition, an e-mail from Tipton to TBN's attorney, dated May 1, 2012, references activity by Park West in delivering supplies for TBN from its Louisiana facility to various locations in the Caribbean, as well as the storage of a "medical container" belonging to TBN at Park West's Louisiana facility. It also references generators sent by TBN to Park Place's Louisiana facility, which had been transported to Haiti for relief efforts there.

Considering only the pleadings before us, we conclude, as apparently did the trial court, that Park Place overcame its burden of establishing minimum contacts for jurisdiction purposes and that the burden shifted to TBN and ICB to establish that it would be unfair for Louisiana to assert jurisdiction. Because TBN and ICB submitted no evidence on this point, we find that TBN and ICB failed in their burden of proof.

**DISPOSITION**

For the foregoing reasons, we reverse the trial court judgment granting the exception of lack of personal jurisdiction in favor of Trinity Broadcasting Network, Inc. and International Christian Broadcasting, Inc. and dismiss the claims of Park West Children's Fund, Inc., and we render judgment in favor of Park West Children's Fund, Inc. dismissing the exception. We tax all costs of this appeal to Trinity Broadcasting Network, Inc. and International Christian Broadcasting, Inc. and remand the matter to the trial court for further proceedings.

**REVERSED, RENDERED, AND REMANDED.**