NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

**20-415 consolidated with 20-416**

**LAWRENCE KARL**

**VERSUS**

**HEATHER TANNER KARL**

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. C-20191137 C/W 20193707
HONORABLE KRISTIAN D. EARLES, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

**VAN H. KYZAR**
**JUDGE**

\*\*\*\*\*\*\*\*\*\*

Court composed of John D. Saunders, Van H. Kyzar, and Candyce G. Perret, Judges.

**AFFIRMED AS AMENDED.**

**Bradford H. Felder**
**Veazey, Felder & Renegar**
**P.O. Box 80948**
**Lafayette, LA 70598-0948**
**(337) 234-5350**
**COUNSEL FOR DEFENDANT/APPELLANT:**
**Heather Tanner Karl**

**Paula B. Bertuccini**
**Bertuccini Law Firm**
**600 Jefferson St, Ste# 1103**
**Lafayette, LA 70501**
**(337) 706-9608**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
**Lawrence Karl**

**KYZAR, Judge.**

Defendant, Heather Tanner Karl, appeals the judgment of the trial court granting to Plaintiff, Lawrence Karl, a final divorce. For the reasons set forth herein, we amend the judgment and affirm the same as amended.

## FACTS AND PROCEDURAL HISTORY

This case has a convoluted procedural history. On February 20, 2019, Plaintiff filed a petition for divorce pursuant to La.Civ.Code art. 103, and ancillary matters including a partition of property, wherein he asserts that he and Defendant, Heather Tanner Karl, were married on August 13, 1994, in Richmond, Virginia, but thereafter established their matrimonial domicile in the State of Maryland. That suit was docketed as number 2019-1137. Plaintiff asserts that the parties physically separated when he moved to Broussard, Louisiana on April 10, 2017, at which time the parties began living separate and apart. He asserts that there was no covenant marriage and that the only two children born of the marriage are above the age of majority. He requested in the petition that after the delays provided for in La.Civ.Code art. 103, he be granted a divorce. He further asserts that there is community property that should be partitioned and seeks a termination of the community.

On March 29, 2019, Plaintiff filed a motion to appoint an attorney for Heather, alleging that he attempted to serve her in Maryland via the Louisiana Long Arm Statue, but that neither attempt was successful as the deliveries were refused. A curator was appointed but, thereafter, Defendant, through counsel, filed a Declinatory Exception of Lack of Personal Jurisdiction. Therein, she asserted that the trial court lacked subject matter jurisdiction in that at the time of the filing of the suit neither she nor Plaintiff were domiciled in Louisiana, that neither party is domiciled in Lafayette Parish such that venue is improper, and that the court has

no personal jurisdiction over her as she is not domiciled in Louisiana and has no contacts therewith. She further excepted, asserting that the suit is premature in that the parties had not resided separate and apart for the time period required by La.Civ.Code art. 103. Within the same pleading, Defendant filed a reconventional demand requesting child support and interim spousal support. She further alleges freedom from fault and requests permanent spousal support.[1] On April 1, 2019, Defendant amended her previously filed pleading to change the title of the pleading to "Declinatory Exceptions of Lack of Personal Jurisdiction, Improper Venue, and Lack of Subject Matter Jurisdiction, Dilatory Exception of Prematurity, Answer, and Reconventional Demand." Therein she also filed an answer to Plaintiff's petition wherein she admitted to the date and place of marriage and the marital domicile as being in Maryland but denied all else.[2] Plaintiff answered, asserting facts that if true would support his domicile as being in Lafayette Parish, Louisiana.

Following a hearing on May 28, 2019, the trial court sustained Defendant's Declinatory Exception of Lack of Personal Jurisdiction and dismissed Plaintiff's suit, with prejudice. All other exceptions were denied as moot based on the sustaining of the jurisdictional exception. Judgement to that effect was signed on June 17, 2019. Plaintiff then moved for a new trial on the exceptions. The motion was denied by order dated July 1, 2019. On the same date, Plaintiff filed another "Petition for 103 Divorce with No Minor Children and Ancillary Matters and Petition to Partition Community Property[,]" which was docketed as a new suit and

---

[1] While the body of the reconventional demand requests child support, the prayer thereafter does not contain any request for such.

[2] The trial court signed an Order dated April 1, 2019, recognizing that Defendant did not waive her jurisdictional exception or make a general appearance through the pleading of the exceptions and reconventional demand within the same pleading.

2

given docket number 2019-3707. Therein, he asserts that the parties have lived separate and apart since April 10, 2017, and prays for a divorce.

On July 12, 2019, Plaintiff filed a first "Amending and Supplemental Petition for a 103 Divorce[,]" wherein he requests that his petition for a divorce pursuant to La.Civ.Code art. 103 be amended and supplemented to alternatively request a divorce based on the provisions of La.Civ.Code art. 102. This amending and supplemental petition was filed in docket number 2019-1137, the suit filed on February 20, 2019 and dismissed by previous judgment of the trial court. In it, Plaintiff asserts as an alternative plea:

> [Plaintiff] seeks a judgment of divorce from [Defendant] pursuant to the provisions of Louisiana Civil Code Article 102, and intends to live separate and apart continuously from defendant, without reconciliation, for a period of three hundred and sixty-five days prior to filing a rule to show cause why a divorce should not be granted.

On July 23, 2019, Plaintiff filed a motion to consolidate docket number 2019-1137 with docket number 2019-3707, which was granted the same day. On September 5, 2019, Plaintiff filed a motion for a preliminary default in the consolidated matters. Then, on October 4, 2019, Defendant filed a Peremptory Exception of Res Judicata, Declinatory Exceptions of Lack of Personal Jurisdiction and Lis Pendens, Dilatory Exception of Prematurity in the consolidated docket excepting to the original petition filed in new docket number 2019-3707 and the purported amended petition filed in the original docket number 2019-1137 on July 16, 2019. On November 25, 2019, Defendant filed a second Declinatory Exception of Lack of Personal Jurisdiction and Dilatory Exception of Prematurity in the consolidated docket wherein she re-urged exceptions to the original petition filed in the new docket number and purported amended petition filed in the original docket on July 16, 2019. On December 6, 2019, the trial court rendered judgment

3

denying the original exceptions of res judicata, lis pendens, and lack of personal jurisdiction filed on October 4, 2019.

On January 10, 2020, the trial court denied Defendant's exception of prematurity and granted Plaintiff's petition for divorce. Judgment to that effect was signed; however, the judgment was signed in docket number 2019-1137, rather than in the consolidated docket numbers 2019-1137 and 2019-3707. This appeal followed. Defendant makes the following assignments of error:

1. The trial court erred when it failed to sustain [Defendant's] peremptory exception of res judicata and declinatory exception of lis pendens filed in response to [Plaintiff's] petition in the new docket number which was identical to the original petition filed in the original docket number and which was filed before the judgment dismissing the original petition in the original docket number was final and before [Plaintiff] filed his Motion for New Trial in the original docket number.

2. The trial court erred when it allowed [Plaintiff] to amend his Petition for 103 Divorce with no Minor Children and Ancillary Matters and Petition to Partition Community Property filed in new docket number 2019-3707 on June 17, 2019, by filing his First Amending and Supplemental Petition for 103 Divorce in original docket no. 2019-1137 J3 on July 16, 2019, pursuant to an ex parte Order dated July 22, 2019, also in original docket number 2019-1137, all prior to the two dockets being consolidated on July 30, 2019.

3. The trial court erred when it granted a 103(1) divorce based upon the fact the parties had lived separate and apart for 180 days at the time of trial, rather than determining whether the parties had lived separate and apart at the time the petition for divorce was filed, as required by Louisiana Civil Code article 103.

4. The trial court erred when it failed to sustain [Defendant's] dilatory exception of prematurity because the evidence demonstrated that the parties had not lived separate and apart for 180 days on the date the petition was filed.

## DISCUSSION

*Exceptions of Res Judicata and Lis Pendens*

Defendant first urges that the trial court erred in failing to sustain her peremptory exception of res judicata and declinatory exception of lis pendens filed

4

in response to Plaintiff's petition in the new docket number 2019-3707, claiming it was identical to the original petition filed in the docket number 2019-1137 and was filed before the judgment dismissing with prejudice Plaintiff's action in 2019-1137. It is noted that a motion for a new trial was filed and denied, and no appeal of the judgment was taken. The judgment of the trial court denying the exceptions was signed on December 6, 2019.

We find no merit to Defendant's argument that the trial court erred in denying her exception of res judicata as to the new petition filed in docket number 2019-3707, seeking a divorce. The granting of Defendant's exception of lack of jurisdiction in docket number 2019-1137 did in fact have the effect of dismissing that suit with prejudice. However, it was not a judgment on the merits of the divorce.

> In an action for divorce under Civil Code Article 102 or 103, in an action or determination of incidental matters under Civil Code Article 105, in an action for contributions to a spouse's education or training under Civil Code Article 121, and in an action for partition of community property and settlement of claims between spouses under R.S. 9:2801, the judgment has the effect of res judicata only as to causes of action actually adjudicated.

La.R.S. 13:4232(B).

Here, the trial court did not adjudicate the merits of the divorce, merely dismissing the suit at the time for lack of jurisdiction, which may be cured, corrected, or remedied by subsequent events or actions. *Park W. Children's Fund, Inc. v. Trinity Broad. Network, Inc.*, 13-444 (La.App. 3 Cir. 10/16/13), 156 So.3d 682.

In denying Defendant's reasserted declinatory exception of lack of jurisdiction as to the petition for divorce in 2019-3707, the trial court ruled specifically that it had jurisdiction over the divorce action. The trial court was correct in this decision. "Jurisdiction is the legal power and authority of a court to

5

hear and determine an action or proceeding involving the legal relations of the parties, and to grant the relief to which they are entitled." La.Code Civ.P. art. 1. A court otherwise competent under the laws of this state has jurisdiction over "[a]n action of divorce, if, at the time of filing, one or both of the spouses are domiciled in this state." La.Code Civ.P. art. 10(A)(7). Thus, while personal jurisdiction is necessary for the disposition of matters such as child support, custody, and other such matters ancillary to a divorce, only jurisdiction over status is necessary for our courts to exercise jurisdiction over the divorce proceeding itself. *Webb v. Webb*, 357 So.2d 1288 (La.App. 3 Cir. 1978).

Defendant next argues that the trial court erred in failing to grant the exception of lis pendens as to the petition for divorce filed in docket number 2019-3707 as it was identical to the petition filed in docket number 2019-1137 that was dismissed with prejudice on the same date when the trial court in that case granted Defendant's jurisdictional exception. That judgment dismissing suit number 2019-1137 was dated June 17, 2019 and was the subject of a motion for a new trial that was denied July 1, 2019. The judgment was never appealed. We note, however, that Defendant's exception of lis pendens as to the suit in 2019-3707 was not filed until October 2019. As the judgment of dismissal of suit 2019-1137 was final by that time, the exception of lis pendens was rendered moot and the trial court did not err in denying the exception. Further, as set forth above, as the dismissal of the petition for divorce in suit number 2019-1137 was not a judgment as to the merits of the action and had no res judicata effect, there was no prejudice to Defendant in the filing of the subsequent suit for divorce in docket number 2019-3707. *See* La.R.S. 13:4232.

*Granting of Divorce and Denial of the Exception of Prematurity*

6

Defendant next asserts that the trial court erred in granting the divorce, and related thereto, that the trial court erred in not granting her exception of prematurity, asserting that the parties did not physically separate until February 14, 2019, which is less than 180 days from the filing date of Plaintiff's petitions for divorce. As these issues are intertwined, we address them together.

Defendant argues that the trial court applied the wrong legal standard in granting a divorce pursuant to La.Civ.Code art. 103, asserting that the trial court granted the judgment based on the parties having lived separate and apart for at least 180 days through the date of trial, rather than as of the time the petition was filed. Louisiana Civil Code Article 103(1) provides that a divorce shall be granted on the petition of a spouse upon proof that the parties "have been living separate and apart continuously for the requisite period of time, in accordance with Article 103.1, or more on the date the petition is filed." The requisite time period for which spouses are required to have lived apart is "[o]ne hundred eighty days where there are no minor children of the marriage." La.Civ.Code art. 103.1(1). The trial court found as a matter of fact "that the parties have lived separate and apart for more than one hundred eighty (180) days." While the oral reasons of the trial court did not specify that the period of separation occurred prior to the time the suit was filed, the evidence presented by Plaintiff and the allegations of the petition support this finding. Where the transcript of appeal does not contain oral reasons for a judgment or even a transcript of evidence supporting the judgment, an appellate court "must presume that the judgment of the trial court is correct and supported by sufficient competent evidence." *Noel v. Noel*, 15-37, p. 16 (La.App. 3 Cir. 5/27/15), 165 So.3d 401, 413 (citing *Preuett v. Preuett*, 517 So.2d 848, 849 (La.App. 3 Cir. 1987)). We find no error by the trial court in its application of the law, nor do we find manifest error in the trial court's factual findings that the

parties lived separate and apart for at least 180 days prior to the filing of the suit for divorce.

Further, while Defendant maintains her argument that the petition for divorce pursuant to La.Civ.Code art. 103 is premature because the parties were not actually separated for at least 180 days prior to the date Plaintiff filed his petition in July 2019, the trial court's factual findings indicate that it accepted Plaintiff's testimony and evidence regarding the date of separation and rejected hers. It is not our function to reweigh the testimony and substitute our judgment thereon for that of the trial court. *Rosell v. ESCO*, 549 So.2d 840 (La.1989). Accordingly, we affirm the judgment of divorce.

We note that the judgment of divorce was signed in docket number 2019-1137 only, as opposed to the consolidated suit numbers. On authority of La.Code Civ.P. art. 2164[3], we amend that judgment of divorce to reflect it as having been rendered in the consolidated docket numbers 2019-1137 and 2019-3707.

## DECREE

We amend the judgment of the trial court to reflect the judgment as having been rendered in consolidated docket numbers 2019-1137 and 2019-3707, and affirm the judgment as amended. Costs of this appeal are assessed to Defendant, Heather Karl.

**AFFIRMED AS AMENDED.**

---

[3] This article provides in part that "[t]he appellate court shall render any judgment which is just, legal, and proper upon the record on appeal."

8